Uhlig v. Garrison et al.

2 99
2* 258
14* 430

## UHLIG V. GARRISON ET AL.

1. VERDICT. A verdict which is not responsive to all the issues is fatally defective.

2. SAME: JUDGMENT. If the jury fail to pass upon all the issues, no valid judgment can be entered upon the verdict.

*Appeal from the District Court of Lawrence County.*

THE plaintiff alleges that he is, and has been for more than nine months last past, the owner, and is now entitled to the possession of the premises in controversy; that about the 25th day of April, 1877, and while plaintiff was in possession, the defendants unlawfully entered upon and ousted the plaintiff therefrom, and have ever since withheld possession thereof from plaintiff; demand of possession, and refusal by defendants; that the value of the use and occupation of the premises is seventy-five dollars per month; and demands judgment for possession, and seventy-five dollars per month damages. Defendants deny that at the commencement of

this action plaintiff was the owner of the premises; deny that plaintiff is entitled to possession, or is damaged in the sum of seventy-five dollars per month, or any other sum by defendants' withholding possession; and deny that plaintiff ever demanded possession of the premises; and defendants, "by way of counter-claim," further allege, that defendants hold and possess said premises by virtue of prior actual occupancy thereof; that said premises, on the 19th day of March, 1877, were a portion of the unocupied public domain, open to settlement under the laws of the United States; and that defendants located and entered thereon under said laws; that since their entry they have in good faith made permanent improvements of the value of $1,600, and that the value of the land, aside from such improvements, is about $500. And defendants pray judgment for $1,600, the amount of such counter-claim, in case the title to the premises be adjudged in plaintiff.

Plaintiff by his reply denies all the facts alleged in defendants' answer, and alleges that all improvements made by defendants were made since the commencement of this action, and with full knowledge of plaintiff's rights, and against his will. The reply further alleges that at the time of defendants' alleged entry upon the premises in controversy, said defendants were occupying a portion of the same lot as tenants of plaintiff, and entered upon the adjacent lands, being a portion of said lot and the lands in controversy, well knowing said lands were owned by plaintiff.

Jury trial. Verdict: "*We, the jury, find for the plaintiff the legal title to the ground in controversy.*" Judgment that plaintiff recover possession of the premises, and costs.

*Tripp & Boyles,* for appellants.

This is an appeal from a judgment entered in the District Court of Lawrence county, Nov. 7th, 1877, against these appellants, in an action of unlawful detainer for a certain part of a lot in the city of Deadwood.

Plaintiffs allege possession, a leasing to assignors of defendant, an expiration of the term, a holding over, and a notice to quit and

refusal. Plaintiffs deny the allegations of the complaint, and allege the premises at the time of the alleged leasing, to be a part of the Sioux Indian reservation.

I. Appellants claim the judgment should be reversed, because the court had no original jurisdiction to determine the action. Unlawful detainer is a summary proceeding, the jurisdiction of which is specially conferred upon the justice of the peace courts. (Justice's Code, Art. 7.)

The District Court obtains jurisdiction only by appeal. If original jurisdiction is claimed in such cases for the District Court, it must be derived from some Statute specially conferring it, or from the Organic Act conferring common law jurisdiction. The only Statute upon the subject confers the jurisdiction upon the justice's courts, and the principle is well established that a court of general jurisdiction cannot by virtue of its common law powers take jurisdiction in cases of forcible entry and detainer. (*Townsend v. Brooks*, 5 Cal., 52; *Ginn v. Rogers*, 4 Gil. (Ills.) 131; *Ferrell v. Lowar*, 1 Wis., 8, 15; *Dricks v. Hatch*, 10 Iowa, 330.)

This is a summary proceeding provided by Statute, and the procedure provided by Statute is exclusive. The only common law remedy for the recovery of possession of real property is ejectment. (Taylor's Land. and Ten., § 698.)

The rule is well established that where a new right or the means of acquiring it is given, and an adequate remedy for violating it, and the mode of procedure is given and fixed in the same Statute, the injured parties are confined to that remedy and procedure. (Dwarris on Statutes, 275, n. 5; *Smith v. Lockwood*, 13 Barb., 209; *Cohen et al v. Barrett et al*, 5 Cal., 196, 210; *Course v. Bull*, 7 Wis., 354, (408.)

We have the right of action styled, "Forcible Entry and Detainer," and such action is in derogation of the common law; so that the party who desires to avail himself of such remedy must bring himself strictly within its provisions, and follow the mode of procedure marked out by the Statute. (*House v. Keiser*, 8 Cal., 510; *McMinn v. Bliss*, 31 id., 122; *Cox v. Croshing*, 1 Pinney, 307, 311; 24 Ills., 192.

And so strictly are these Statutes construed that many of the

States hold that the remedy still retains so much of its criminal character, and is so much a summary proceeding that a defect in the complaint is jurisdictional, and may be taken advantage of for the first time on appeal. (1 Pinney, 307; 13 Johns., 340; 11 Johns., 504; 8 Cow., 2, 6.)

Common law works on real estate do not treat upon the subject of forcible entry and detainer. (See Washburn, Hilliard, etc.)

II. The verdict is defective, and will not sustain the judgment entered:

1st. There was no authority for the verdict of one hundred dollars a month, etc., and the judgment thereupon. The judgment under our Statute can only be for delivery of the possession *and for costs*. (Justice's Code, § 39.)

At common law, damages could never be recovered in real actions. (1. Wash. Real Prop., 260; 5 Gil. (Ills.) 218, and 36 Ills., 53.) And it is only by express provision of Statute that mesne profits, etc., may now be recovered in ejectment.

2d. The verdict is but a conclusion of law; it is not a finding of fact. It finds the plaintiff *entitled* to possession of the premises, and finds him entitled to one hundred dollars a month, etc. It does not find and assess his damages at any sum. It is the province of the jury to find the facts, leaving the legal conclusion to be drawn therefrom to the court. And whether the plaintiff is entitled to possession of the premises depends upon the determination of the issues by the jury. If in favor of plaintiff, he may be; otherwise, not. We have no means of knowing how this jury determined the issues, only as we may *guess* from the legal conclusion they drew. Correct pleadings are allegations of fact forming an issue; and the determination of the issue, whether by the Court or jury, is a *finding* of *fact*. And a conclusion of law, as a finding by Court or jury, is as irregular and void as an allegation of a conclusion of law in a pleading. (*Keller v. Boatman*, 49 Ind., 104.)

As the Court say, in *Fitzpatrick v. Himmelmann*, " it is the office of a trial jury, by their verdict, whether general or special, to find the facts in issue between the parties, with the legal effect of these facts, they have no concern whatever." (48 Cal., 588.)

3d.. The verdict does not determine the issues. The issue here is the unlawful detainer. The finding plaintiff *entitled to possession* does not find that defendants *unlawfully detained the premises.* It is the fact of the *unlawful detention* that gives the right of restitution, or rather, ousts the guilty party. The plaintiff does not recover on the strength of his title or his right of possession, as in ejectment, but upon proof of the defendants' wrongful acts.

Title or right of possession cannot be tried in this proceeding. The issue in each case is, has the defendant committed one of the acts prohibited by the Statute of forcible entry and detainer? If so, the plaintiff is entitled to restitution, whether he has any title or any right of possession or not. (*Mitchell v. Hagood*, 6 Cal., 148; *Ferrell v. Lamar*, 1 Wis., 8, 13; *Gates v. Winslow*, id., 650–3.)

A verdict which finds a matter not in issue, or fails to find a material matter in issue, is void, and the judgment founded on such verdict must be reversed. (*Holt v. Van Eps*, 1 Dak. Sup. Ct.; *Crouch v. Martin*, 3 Blackf., 256; *Swain v. Roys*, 4 Wis., 150; *Patterson v. United States*, 2 Wheat., 221; *Barnes v. Williams*, 11 id., 415; *Ross v. Anstell*, 2 Cal., 183; 7 Wis., 211, and cases cited.)

The verdict and judgment in this case are not responsive to the issues. The issue of right of possession is one of ejectment, and the judgment is a judgment in ejectment and absolutely bars any subsequent right of recovery by defendant. (2 Abb. Forms, 555.)

There are but two issues in ejectment: 1st, title or right of possession in plaintiff; 2d, possession in defendant at commencement of action. (14 Cal., 465; Adams' Eject., 48, n.)

The first of these issues in ejectment found by the jury was not made and could not be determined in this action. The defendants, notwithstanding the determination of the forcible entry and detainer action, can immediately bring their action of ejectment. The ouster of defendants in the former cannot be plead in bar to the latter action. (*Mitchell v. Hagood*, 6 Cal., 148.)

Another issue undertermined is that of service of notice to quit. This is a material allegation, and some of the States hold that the complaint should state the kind and character of the notice and manner of service. (24 Ills., 192.)

Another issue undetermined by the verdict, is that plaintiff was in possession of the premises at the time of making the lease and the letting assignors of defendant into possession. (17 Conn., 209; 2 Harr., 167; 8 Cal., 500.)

A general verdict might have been sufficient, but here the jury have found upon an unauthorized issue and leave the issues upon which a judgment of ouster could be based yet undetermined.

Again, the jury did not pass upon the issue of tender and value of improvements. The agreement to pay for improvements was a concurrent agreement, and the plaintiff, before he could demand performance of the covenants and agreements on defendants' part, must perform or offer to perform the covenants and agreements on his part.

III. That the Court erred in refusing to instruct the jury as prayed for in the second instruction asked, on the ground that the premises were a part of the great Sioux Indian reservation. (See brief in the Action of Ejectment.)

Tenants are not prohibited from disputing the title of the landlord when the landlord holds in violation of the laws of the land. (Taylor Land. and Ten., 517, § 707; Broom, Maxims, 556.)

By reason of which errors appellants claim the judgment of the lower court should be reversed.

*Gamble Bros.*, for respondents.

This is an action to recover the possession of certain real property, and the value of its use and occupation, brought by the plaintiff, as landlord, in the District Court, against a tenant, and one in possession under him, for holding over after the expiration of their term.

The District Court had jurisdiction of the subject matter of the action, and no error appears in the record.

I. 1. This is not an action brought under Article 7, of the Justices' Code. That Statute gives an affirmative summary remedy in certain specified cases for matters which were actionable at common law. It does not attempt to negative the common law right. The party may therefore sue at common law, or under the Statute.

(Dwarris on Statutes, 275; *Crittendon v. Wilson*, 5 Cow., 165; *Jackson v. Brandt*, 2 Caines, 169; *Almy v. Harris*, 5 John., 175; *The Farmers' Turnpike Road v. Courtney*, 10 John., 388 at 392; *Scidmore v. Smith*, 13 John., 322; Sharswood's Blackstone, Book III, p. 206; Taylor's Landlord and Tenant, § 713; *McCarthy v. Yale*, 39 Cal., 585; 1 Washburn Real Property, 493 note, and cases.)

The complaint sets up a cause of action in ejectment by a landlord against his tenant, and one holding under him. The defendants answered, and the cause proceeded to trial and judgment. Nowhere in the record has the question of jurisdiction been raised. The jurisdiction of the court was complete.

2. A landlord had the right at common law to maintain ejectment against a tenant holding over after his term. (Sharswood's Blackstone, Book III, 205–6; 1st Vol. Chitty's Pleadings, 192; Tyler on Ejectment, 206, 373 and 549, 557; Taylor's Landlord and Tenant, §§ 698 and 713, *et seq;* *Peyton v. Smith*, 5 Peters, 485; *Woodward v. Brown*, 13 Peters, 1; *Wood v. Johnson*, 3 Wend., 429; *Evans v. Nuran*, 12 Wend., 180; *Jackson v. Brownson*, 7 John., 227; Adams on Ejectment, Chap. IV, 140; 1 Washburn's Real Property, 491.)

3. At common law *mesne* profits could not be recovered in an action of ejectment. But this rule has been changed in England and most of the States, and has been expressly changed in our Statutes, and the value of the use of the property can be recovered in an action of ejectment. (Code of Civil Procedure, § 136; Civil Code, § 1968; Civil Code of Cal., § 3334, and note; *Vandervort v. Gould*, 36 N Y., 639 at 646; *Boyd v. Cowan*, 4 Dall., 138; *Livingston v. Turner*, 12 Barb., 481; *Clark v. Boynton*, 14 Cal., 637; *Sullivan v. Davis*, 4 Cal., 292 and 293; *Hagar v. Chicago & N. W. R. R. Co.*, 26 Wis., 624; *Hotchkiss et al v. Auburn & Rock. R. R.*, 36 Barb., 600.)

4. The action of ejectment, or what is called under our Code an action to recover real property, is strictly a possessory action. The modern action of ejectment is not confined to the trial of disputed titles, but extends to cases in which the claimant has a present right of possession, even when the paramount title is in a stranger, or in the government. And in ejectment brought by a

landlord against his tenant, he need not set out the nature of his estate, and can maintain ejectment without further proof than tenancy. (Taylor's Landlord and Tenant, § 698 and 703; Civil Code, § 581; *Hutchinson v. Pearley*, 4 Cal., 34; *Gunn v. Bates*, 6 Cal., 263; *Hubbard v. Barry*, 21 Cal., 321; *Harrison v. Stevens*, 12 Wend., 170; *Van Alstine v. Sparks*, 13 Wend., 578; *Peyton v. Smith*, and *Woodward v. Brown, supra; Jackson v. Hazen*, 2 John., 22; *Kline v. Johnson*, 24 Penn. St., 72; Adams on Ejectment, 308.)

II. 1. The verdict in this action is good, and could not well be improved in form, and the judgment thereon is fully authorized by law. This action was brought for two purposes only : *First*, to try the right of possession, which is fully covered by the verdict; *second*, to recover the value of the use of the premises. And the verdict distinctly finds the value, $100 per month from a day certain to the date of the verdict.

2. The unlawful detainer is not an issue in the case, only so far as it is included in the defendant's holding over after the expiration of the term. The holding over is admitted by the defendants. It is, therefore, not an issue to be tried.

3. The service of a notice to quit was not necessary to be passed upon by the jury in this case, yet that question was fairly submitted to them by the Judge in his charge, and passed upon by them. Besides, a notice to quit was duly alleged in the complaint, and not denied in the answer.

4. A notice to quit is not necessary in order to recover in ejectment, when a lease is to expire at a time certain, or where a tenant disclaims his tenancy, or permits a stranger to take possession, or repudiates the lease, or exercises acts of ownership over the premises. The tenancy expired on a day certain, and the defendants by their answer and alleged defense, come within all the rest of the above exceptions. Under the defense set up and claims made by the defendants, the plaintiff was not bound to allege or prove a notice to quit. (Adams on Ejectment, 140 and 366; Taylor's Landlord and Tenant, § 472; *Wilson v. Watkins*, 3 Peters, 43; *Woodward v. Brown*, 13 Peters, 1; *Sharp v. Kelly*, 5 Denio, 413; 1 Wash. Real Prop., 493, and cases cited.)

5. Although the verdict covers the question of plaintiff's pos-

session, yet that was not an issue before the jury. The plaintiff alleges possession, and defendants do not sufficiently deny it, so as to raise an issue. A denial that plaintiff was lawfully possessed, or that he was not in possession on a day certain, is not a denial. The plaintiff alleges tenancy in Garrison up to April 25th, 1877. This is not denied by defendants, and is, therefore, admitted. The answer states that defendant Anderson went into possession with Garrison, plaintiff's tenant. Plaintiff's continued possession is thereby admitted. Besides, proof of tenancy is all that is necessary to enable landlord to recover. (See *supra.*)

6. There was no legal issue of tender, and value of improvements to be passed upon by the jury. Tender of value of improvements was not a condition precedent to the plaintiff's right of recovery. The agreement created no lien on the buildings or right to remain on the premises until payment of value. The most defendants could have done, if payment had been refused, would be to remove the buildings within the term, or within a reasonable time thereafter, or sue the landlord for the value, after surrender of the premises. But where a tenant disclaims landlord's title, he cannot claim compensation for improvements. (*McQuean v. Chouteau*, 20 Mo., 222.)

III. The second instruction asked for by the defendants was properly refused. If we admit that no title could be acquired by the plaintiff, and no lawful lease could be made by him of the premises prior to February 28th, 1877, it does not follow as a matter of law that the defendants were, therefore, entitled to a verdict. The lease itself might be void as against law, and the parties joint trespassers, as against the Statutes of the United States, up to February 28th, 1877, still it would not follow that the plaintiff could not recover in May of that year, about two months afterward.

If between February 28th, 1877, and April 25th of that year, defendant Garrison continued in possession, and paid rent to the plaintiff, or in any way recognized the plaintiff as his landlord, and if, during that time, Garrison let Anderson into possession with him, the relation of landlord and tenant would be complete without reference to the lease, and the plaintiff would have been as

much entitled to recover as though the lease had been perfectly valid—not because of the lease, but because of the existing and acknowledged relation of landlord and tenant.

· This court cannot say that there was no evidence before the jury tending to prove the relation of landlord and tenant existing subsequent to February 28th, 1877. But it must do so before it can say that the Judge erred in refusing the second request. Besides the evidence introduced upon the trial is not in the record, and the defendants cannot seek a review of it here, as a motion for a new trial was made below, and abandoned by them. (*Brown v. Tolls*, 7 Cal., 399; 3 Estee, 727, and cases cited.)

The payment of rent by the defendants, or either of them, to the plaintiff, and receipt by him subsequent to February 28th, 1877, would establish the relation of landlord and tenant, independent of the lease, and the defendants would be estopped from denying plaintiff's title or right of recovery. (Taylor's Landlord and Tenant, §§ 19 and 22; Adams on Ejectment, 367; Bigelow on Estoppel, 377.) · And although the lease might be void under the Statute, still the tenancy is to be regulated under the agreement, and it is competent evidence to show tenancy. (Taylor's Landlord and Tenant, §§ 19 and 80.) Besides, the defendants admitted on the trial that the lease was competent evidence, as the record shows it was introduced in evidence before the jury, and no objection to its introduction appears to have been made. The defendants, therefore, will not be permitted to object to its competency for the first time in this court.

IV. The question of the alleged illegality of the lease, because of the premises being Indian country prior to February 28th, 1877, is not therefore before the court, and cannot be considered in this appeal. (See, also, *Smith v. Barstow*, 2 Doug., 155; *Early v. Mohan*, 19 John., 147; *Fox v. Cash*, 11 Penn. St., 206 at 212.)

1. The defendants are, therefore, in no condition to question the plaintiff's title. The law will not permit these tenants to question their landlord's title. (Bright's *Leasee v. Rochester*, 7 Wheat., 548; *Wilson v. Watkins*, 3 Peters, 43; *Walden v. Bodley*, 14 Peters, 156; *Page v. Kissman*, 43 N. Y., 331; *Tondro v. Cushman*, 5 Wis., 279; *Simmons v. Marshall*, 3 Green, (Ia.) 502; Bigelow on Estoppel, 372, *et seq.*

2. A tenant cannot dispute the title of his landlord until he has surrendered up possession to him. But the defendants have not surrendered or offered to surrender the premises. (*Zimmerman v. Marshland*, 23 Ind., 474; *Blackman v. Tucker*, 21 id., 466; *Bremner v. Biglow*, 8 Kan. at 502; *Custer v. Marshall*, 7 Ills., 609; Bigelow on Estoppel, 386–7; 3 Peters, 43; 5 Peters, 485, and 13. Peters, 1; *Thayre v. Society of United Brethren*, 20 Penn. St., 60.)

3. Nor can a tenant question his landlord's title, even where the tenant has leased his own land. By accepting a lease he is precluded from disputing landlord's title. (1 Washb. Real Property, 485; *Vernan v. Smith*, 15 N. Y., 327; *Page v. Kissman*, 43 N. Y., 331; *Alwood v. Mansfield*, 33 Ills.; *Walker v. Harper*, 33 Mo., 592.)

4. If a tenant lets a third person into possession with him by consent or connivance, the third person is also a tenant. This puts Anderson in the same relation to plaintiff as Garrison. Both are tenants. (Taylor's Landlord and Tenant, 14; *Benson v. Bolles*, 8 Wend., 175; *Jackson v. Miller*, 6 Wend., 228; 1 Brightly Penn. Digest, 865; Bigelow on Estop., 377.)

V. No error appears of record. Besides, the defendants cannot be heard to raise any objection in this court for a refusal to give the second instruction for two reasons:

1. Because a motion for a new trial in this case was made in the court below, setting forth the grounds relied on. The refusal of the second instruction is omitted, as one of such grounds, and therefore cannot be raised here on appeal. (*Beans v. Emanuelli*, 36 Cal., 117.)

2. Because the motion, although made, was not passed upon, and no objection was made to the verdict or judgment. A motion for a new trial ought to be made and passed upon before this court is called upon to review the judgment of the District Court. (*State v. Swartz*, 9 Ind., 221; *Midland Pac. Co. v. McCarthey*, 1 Neb., 398; *Gibson v. Arnold*, 5 Neb., 186; *Hull v. Miller*, 6 Neb., 128.)

Although the plaintiff's right of recovery in this action does not in any way depend upon the determination of the question as to whether the premises, prior to February 28th, 1877, were or were not a part of the Great Sioux Indian reservation; still, if the court

should decide to examine the question in this case, it is respectfully referred to respondent's brief in the other action now pending between the same parties. The respondent's counsel also make the following points in addition to those above stated:

1st. The exception to the refusal of the Judge to charge the jury as requested by defendants' counsel, is only a general exception and therefore insufficient. (See Part 2, p. 304 in other brief and authorities.)

2d. The agreement between the commissioners and the Sioux Indians ceding the Black Hills to the United States was made and signed October 27th, 1876. That agreement was a complete cession of that country. When the Act of Congress was passed February 28th, 1877, ratifying that agreement, the ratification related back to the date of the agreement and the extinguishment of the Indian title and consequent cession of the lands to the United States was in effect on the 27th day of October, 1876. The second request was therefore properly refused, and the points made in Part 3, of respondent's brief in this case, and in Part 4, in respondent's brief in the other case, can be held to apply to the above date instead of the date of the ratification of the agreement.

SHANNON, C. J.—This is an action of ejectment to recover possession of a certain portion of a small town lot in the city of Deadwood. It is conceded and shown that it is for the recovery of the rear part of the lot in dispute between the same parties at this term. The issues made and given to the jury appear by the amended pleadings of November 8th, 1877. The verdict rendered was, "find for the plaintiff the legal title to the ground in controversy." By section 641, of the Code of Civil Procedure, it is enacted that "in an action for the recovery of real property, upon which permanent improvements have been made by a defendant, or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a counter-claim by such defendant. By section 642 "the counter-claim in such action must set forth, among other things, the value of the land aside

Uhlig v. Garrison et al.

from the improvements thereon, and also, as accurately as practicable, the improvements upon the land and the value thereof." And by section 643, "issues may be joined and tried as in other actions, and the value of the land, aside from the value of the improvements thereon, and the separate value of the improvements, must be specifically found by the verdict of the jury, the report of the referee, or the findings of the court." By the next section it will be seen that the judgment of the court under such issues is made to depend upon the specific findings. In this, the first case of the kind brought before this court, such a verdict cannot be permitted to stand. It is radically defective, because it is not responsive to all the issues. It does not find for the plaintiff upon all the issues of fact, but finds for him "*the legal title*," and it is absolutely silent as to the issues set up by the defendant in his counter-claim. In a case of this nature there may be a just counter-claim, and yet a good title in the plaintiff. An answer containing the former is useless, unless the latter be presupposed or admitted.

In a verdict the jury must "pronounce"—that is to say, must speak, or utter—generally upon all or any of the issues, either in favor of the plaintiff or defendant; they are not permitted to be silent, but must *respond* to all the issues made by both parties. (See section 260, of the Code of Civil Procedure.)

In a case like the present, which relates to real property, the doctrine asserted by this court in *Hoit v. Van Eps*, and in *Dole v. Burleigh*, must apply with equal if not greater force and reason. (1 Dak. R., 207, 227.)

In the former case it was held, that the jury having failed to pass on all the issues, no valid judgment could be entered on the verdict. As, for the reason assigned, the judgment must be reversed, it is unnecessary at present to consider the other errors complained of. That in relation to the lease can, on another trial, be disposed of in accordance with the opinion of this court, delivered at this term, between the same parties.

The judgment of the District Court must be reversed, and the cause remanded for a new trial, and it is so

ORDERED.

All the Justices concurring.