## MERCHANT'S NATIONAL BANK v. McKINNEY et al.

1. Respondent cannot object to an appeal on the grounds that appellants' brief and abstract of appeal were not served on him, or certified and docketed in the appellate court, within the time prescribed by law and the rules of court, where, though diligent search was made, many of

the papers necessary to appear in the abstract could not be found until it was too late, and were then found in the office of respondent's attorney, and copies of them could not have been procured.

2. Where no bill of exceptions is settled and filed on appeal from a judgment entered on the pleadings, evidence, report of a referee, and proceedings thereon, the appeal will not be dismissed; but no errors can be reviewed except such as affirmatively appear on the judgment roll itself.

(Syllabus by the court.    Argued April 1, 1890.    Opinion filed May 1, 1890.)

Appeal from district court, Yankton county; Hon. BARTLETT TRIPP, Judge.

Motion to dismiss appeal.    Denied.    No briefs filed.

The facts are stated in the opinion.

*L. B. French* and *J. H. Teller,* for appellants.

*R. B. Tripp,* for respondent.

PER CURIAM.    Respondent moves to dismiss appeal on the following grounds:  "(1)  The appellants' brief was not served upon respondent within the time prescribed by the rules of court;  (2) the appellants have served upon respondent no abstract on appeal;  (3) the appeal has not been certified to and docketed in this court in the manner and within the time prescribed by law and the rules of court;  (4) there was no bill of exceptions or case settled in the court below."    Resisting this motion, appellants' counsel read and filed the affidavit of one of their attorneys, showing that the notice of appeal was served on the 3d day of January, 1890; that many of the papers necessary to appear in the abstract, and without which no proper abstract could be made, could not be found, either in the office of the clerk of the court or elsewhere; that diligent search and inquiry for said papers was made both by appellants' attorneys and the clerk of said court, but that the same could not be and were not found until March 26, 1890, when they were found in the office of respondent's counsel, but under circumstances which impute no blame to him.    It also appeared that copies of such lost or mislaid papers could not be procured.    We think these facts, for which appellants' counsel were in no wise responsible, sufficiently explain the delay and excuse the non-observance of the rules of court in respect which respondent's objections are made.

The remaining ground of respondent's motion is: "There was no bill of exceptions or case settled in the court below." There can be no question as to the proper office of a bill of exceptions, or as to its necessity in any case when requisite to bring before the reviewing court the matters concerning which error is alleged. This case had been by the court referred to a referee to take testimony, find the facts, and report the same to the court; and the referee had made and filed his report of such findings of fact. The respondent then gave appellants notice that he would move for judgment "upon the pleadings in said action, evidence taken therein, report of the referee, and proceedings therein;" and upon this motion judgment was rendered in favor of the respondent. This appeal is from the judgment. Is a bill of exceptions necessary to review such judgment? We think the answer must depend upon the errors assigned, and, consequently, what questions are sought to be reviewed; that is, if the judgment roll itself, which is record independently of and without a bill of exceptions, affirmatively exhibits the grounds of error complained of, no bill of exceptions is necessary. Such questions may be examined upon the record as it now stands, and to such questions appellants will be confined on this appeal. The motion to dismiss appeal is denied.