## HOLCOMB *et al.* v. KELIHER, County Treasurer.

When a party claims the evidence is insufficient to justify the verdict, he must specify the particulars in which such evidence is insufficient. The objection must be stated, with so much of the evidence or other matter as is necessary to explain it, and no more; so that the opposite party may be fully advised of the defects in his evidence. See section 5081, Comp. Laws.

(Syllabus by the Court. Opinion filed Feb. 15, 1893.)

Appeal from circuit court, Pennington county. Hon. CHARLES H. THOMAS, Judge.

32—S. D.

Action by Eugene Holcomb and others against John A. Keliher, treasurer of Pennington county, to enjoin the collection of a tax erroneously assessed against the property of plaintiffs. From a judgment for defendant plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Wm. H. Parker* and *Granville G. Bennett*, for appellants.

If an assessment is imposed without jurisdiction it is void. Brencher v. Village, 4 N. E. 272. Congress has absolute authority over the territories of the United States. Section 2, art. 4, Const. U. S.; American v. Conters, 1 Pet. 511; 1 Kent, Comm. 384; Mackey v. Cox, 18 How. 100; U. S. v. Rogers, 4 How. 670; Ferris v. Higley, 20 Wall. 375; Englebrecht v. Clinton, 13 Wall. 434; Harkins v. Hyde, 98 U. S. 276; Langford v. Monteith, 102 U. S. 140; E. Partie v. Crow Dog, 109 U. S. 556. The evidence being insufficient to support the findings of the judgment, being contrary to law, it should be reversed and a new trial granted. Moline v. Gilbert, 3 Dak. 255; State v. Coffin, 28 Cal. 65; Hall v. Pallock, 42 *Id.* 218; Alges v. Duncan, 39 N. Y. 313; Territory v. Railroad, 3 Dak. 270; Franz v. Midzen, 5 Dak. 36; Bynington v. Woodard, 9 Iowa, 360; Huntington v. Howe, 15 Iowa, 606; Morton v. Orndorff, 20 Iowa, 217; McCormick v. Railroad, 20 Iowa, 338; State v. Tomlinson, 11 Iowa, 401; Brown v. Mullen, 3 Pac. 99; Fawcett v. Woods, 5 Jones, 400; Railroad v. Shimmell, 9 Pac. 889; Hoffman v. Bosch, 4 Pac. 703; Jourdon v. Reed, 1 Iowa, 185; Aalpin v. Railroad, 8 Jones & S. 175; Railroad v. Boshman, 1 S. W. 555; Althouse v. Baldwin, 56 Wis. 398; Stilwell v. Insurance Co., 72 N. Y. 385.

*Charles W. Brown*, for respondent.

When an assignment of error is general, vague and indefinite, pointing out no specific error, it will not be considered by the court. State v. Chapman, 1 S. D. 414; McCormick v. Phillips, 34 N. W. 62; Bush v. Railroad, 3 Dak. 445; Caulfield v. Bogle, 2 Dak. 464; Bill v. Klaus, 30 N. W. 171; Jandt v. South, 2 Dak. 68. An appeal will be considered and decided upon the record as presented by the abstract. Noyes v. Lane, 1 S. D. 125. Where the evidence is conflicting this court will not weigh it, or go further than to decide whether the respondent's evidence was sufficient to

sustain the verdict.   Jeansch v. Lewis, 1 S. D. 609; Best v. Pills-bury, 5 Dak. 67.   The Sioux reservation was within the limits and jurisdiction of Dakota Territory.   Section 239, 12 U. S. St. at Large; Railroad v. Ficher, 116 U. S. 28.

Personal property in the absence of statute has no *situs*, but follows the person of the owner.   Com. v. American, 15 At. 443; 2 Bl. Comm. 384; 2 Kent, Comm. 429; Walker, Am. Law, 764; Cooley, Tax'n, 55; Desty, Tax'n, 318; Story, Confl. Laws, 518; City v. Ferry Co., 11 Wall. 194; Nelson v. Town, 22 Fed. 60; Comstock v. Grand Rapids, 20 N. W. 626; Ricker v. Trust Co., 5 N. E. 285; Kert-land v. Hotchkiss, 100 U. S. 491. Exemption from taxation must be expressed in clear and unmistakable terms.   Sturgis v. Carter, 114 U. S. 511; Memphis v. Taxing, 109 U. S. 398; Hoge v. Railroad, 99 U. S. 348.

BENNETT, P. J.   This is an action to perpetually enjoin the collection of a tax claimed to have been erroneously assessed for the year 1887 against certain live stock and other personal prop-erty belonging to appellants.   Trial of the cause was had by the court without a jury, and judgment rendered for respondent.   From this judgment an appeal is taken.

The assignment of errors relates to the insufficiency of the evidence to support the findings and judgment.   The abstract does not purport to contain all the evidence.   The certificate of the judge trying the case to the bill of exceptions simply recites that the same is "a just and true bill, and is allowed, signed, and sealed, and made a part of the record."   For this reason the respondent contends that this court will not review the evidence, and that, in the absence of a certificate showing that the bill of exceptions contains all the evidence introduced on the trial, this appellate court will presume there was other evidence sufficient to support the finding or verdict.   This contention is doubtless correct in most of the states, but it is not so within our jurisdiction.   Our statute on the subject of bills of exceptions and statements has made a radical change in the practice where it is claimed the evi-dence is insufficient to justify the verdict.   The party contending that the evidence is insufficient to justify such verdict or findings is required to specify the particulars in which such evidence is in-

sufficient. This clearly appears from an examination of the sections of the statute relating to this subject. Section 5081, Comp. Laws, provides that "when the exception is to the verdict or decision on the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient. * * * The objection must be stated, with so much of the evidence or other matter as is necessary to explain it, and no more." Subdivision 3 of section 5090 provides that if the motion (for a new trial) is to be made upon a statement of the case, "when the notice of intention designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient." Subdivision 4 of the same section provides that "when the motion is to be made upon the minutes of the court the notice of intention must specify the particulars," etc. It will be seen, therefore, that under our practice the party relying upon the insufficiency of the evidence to justify the verdict or decision of the court is required to specify the particulars in which he deems such evidence insufficient, so that the opposite party may be fully advised of the defects in his evidence. When this is done, and the bill of exceptions is served upon him, with these defects pointed out, he can then have placed in the bill of exceptions such other evidence as the records may warrant, tending to support the verdict or finding. Our statutes relating to bills of exceptions, statements, and motions for new trials are substantially copied from the statutes of California. Judge SAWYER in the case of Hidden v. Jordan, 28 Cal. 312, on a petition for a rehearing of the case, says: "After a careful examination of the question, we are satisfied that the rule announced in the opinion in this case harmonizes with the general theory of the other provisions of the section considered by us, and is the proper rule to be adopted. * * * The point wherein the defect of evidence is claimed to exist must then be specified, and so much of the evidence as is necessary to explain it must be introduced, and no more. The attention of the other party is thus directed to the weak point in his evidence, and, if anything has been omitted which would tend to strengthen

his case on that point, he has an opportunity afforded to supply it by amendment, and it is his duty to do so. When the statement has been filed, and the opposite party has had an opportunity to suggest the necessary amendments, and this statement has been therefrom argued and settled by the judge, we think he must be regarded as being estopped from averring that there may be other testimony upon this point."

In the case at bar the assignment of errors does not do this, but by reference to the motion for a new trial it will be seen that this was made upon the minutes of the court, and the ground designated in the notice of intention was the insufficiency of the evidence to justify the judgment, in this: "That there is no evidence that the property taxed was situated or kept in the county of Pennington at the time it was assessed, or at any time." The court found that it was so kept, and was situated in said county, and subject to assessment and taxation. The only question presented, therefore, is, does the evidence, as shown in the record, justify the finding of the court that the property was so situated? No question is raised as to the number of cattle and horses, nor as to their value. Under the pleadings and the evidence the only question is as to their *situs*. The complaint shows that a part of the property taxed consisted of "carriages and vehicles." As to these we find no direct testimony as to where they were located. But the witness Taus says that when the mess wagon and other belongings of the home ranch were not on a round-up they were at the home ranch. Respecting the horses, the witness Eugene Holcomb testifies that in the spring of 1887 the plaintiffs kept a servant at the home ranch whose duty it was to "look after the horses employed for running cattle." Witness Ulysses Allison states that in May or June, 1887, there were probably 35—perhaps more —of plaintiffs' horses at the home ranch; and the witness Taus says a part of plaintiffs' horses at that time were on the reservation; some of them were in Pennington county; and that, if plaintiffs or their men ever wanted to use a horse, they "would drive them up there to the horse corrals, drive them in, take their horse out, and let the rest go." Witness Blair testifies that at the spring round-up in 1887 he helped to brand a few of the Holcomb

calves at the home ranch of the Holcombs; that is, the home ranch Mr. Holcomb testified to. This was situated on the Pennington county side of the river, two or three miles from the mouth of Rapid. Cows were kept there, but could not tell the number. There was a corral, and some cattle were in it when he left. Holcomb testified that he built the corral and house, and paid for it. The house contained four rooms; two small and two medium sized. There were three or four corrals,—one for hay, one for horses, and one for feeding cows, and a large branding corral, that stands away from the house and barn. According to the witness Taus, these corrals were used by the plaintiffs for the purposes for which they were built in the winter of 1886 and spring of 1887. The branding corral was a couple of hundred yards from the other corrals. The improvements at the home ranch were just as substantial, if not more so, than most of the other residents had. Holcomb, one of the plaintiffs, testifies he has been a resident of Rapid City for over 10 years. It may be true that the cattle ranged, fed, and roamed throughout other portions of the country than Pennington county; yet these cattle, horse, etc., must have had a home somewhere. That place must have been the home ranch in Pennington county. This must have been the fixed place of their abode, and their definite location. This was the headquarters of the plaintiffs' business, from which all of their business operations were conducted and carried on. The evidence, we think, justifies this inference, when taken all together. Personal property, in the absence of statute, has no *situs*, but follows the person of the owner. This is an old common-law principle. See 2 Bl. Comm. 384; 2 Kent, Comm. 429; Colley, Tax'n, (2d Ed.) 55; Desty, Tax'n, 318; Story, Confl. Law, 518; C. N. Nelson Lumber Co. v. Town of Loraine, 22 Fed. Rep. 60; Comstock v. Grand Rapids, (Mich.) 20 N. W. Rep. 626. From an examination of the evidence and the law we think no injustice has been done the plaintiffs and appellants by the judgment of the court, and it is therefore affirmed. All the judges concur.