## NATIONAL CASH REGISTER CO. V. PFISTER *et al.*

1.  A written order given to plaintiffs agent to "please ship" a certain article for which "we agree to pay" a fixed price, named therein, is not necessarily a contract; and, when there is no evidence that such order was ever received and acted upon by the plaintiff, parol evidence is admissible to prove that the article was delivered to defendants under a verbal agreement that it should be taken on thirty days' trial, and returned to plaintiff by defendants if it failed to give entire satisfaction; and, under a proper pleading, parol evidence is admissible to prove that the order, and an acceptance to a certain sight draft, were obtained by false and fraudulent representations.

2.  Where the notice of intention states generally the statutory grounds for a new trial, including the insufficiency of the evidence, but no further specification of the particulars in which such evidence is insufficient is made, either in the statement upon which the motion for a new trial is made or in the assignments of error or argument in this court, such objection will not be considered.

(Syllabus by the court.   Opinion filed March 3, 1894.)

Appeal from Lake county court.

Action to recover upon a written instrument.   There was judgment for defendants, and plaintiff appeals.   Affirmed.

The facts are fully stated in the opinion.

*Murray & Porter*, for appellant.

*Farmer & Farmer*, for respondent.

FULLER, J.   This suit was brought in the county court of Lake county to recover upon a written instrument, of which the following is a copy:   "No. ——, Dayton, Ohio, Mar. 27th, 1891.   May 1st, 1891, after date, pay to the order of the National Cash Register Company, Dayton, Ohio, twenty-five dollars, value received, and charge to the National Cash Register Company, by F. D. Fowler Treasurer.   To Pfister & Shea,

Madison, S. D. Accepted April 1st, 1891. Payable at the First National Bank. Pfister & Shea. " Defendants admit the acceptance of the above instrument as the first of a series of drafts, amounting in the aggregate to the sum of $200, but allege in effect that the only consideration therefore was a certain cash register, which plaintiff delivered to the defendants under a verbal agreement that it should be returned to the plaintiff, and the sight draft be surrendered to the defendants, in case they were dissatisfied with the cash register after giving the same thirty days trial in their business; and in case the same was satisfactory, or kept longer than thirty days, the defendants were to pay therefor, in installments, the sum of $200. That after the above agreement was made, and before the register was delivered, the plaintiff, by means of fraudulent representations, upon which the defendants relied, procured their signature to a certain order for such register, by the terms of which the transaction was characterized as an absolute sale, and that by the same means the acceptance to the instrument in suit was obtained before the register had been adjusted and tried by the defendants. That said register upon trial failed to be satisfactory, and failed at all times to keep a correct account of the money put in and taken out, and that defendants, after fifteen days from its receipt, returned the same to the plaintiff, and demanded a return of the accepted draft in suit, together with the other drafts heretofore mentioned. There was a trial to a jury, and a verdict for the defendants. Plaintiff appeals.

In plaintiff's notice of intention to move for a new trial, one of the reason's specified was the insufficiency of the evidence to sustain the verdict; but, as the same does not appear in the assignments of error, and was not mentioned in appellant's brief, it will be presumed that the verdict was fully sustained by the evidence, and we will pass to a consideration of the matters of which appellant complains in his assignments of error, and which are addressed only to the errors in law occur-

ring at the trial.     As a general rule, only such matters will be examined by this court as are complained of and presented to it for determination.     Pierce v. Manning, (S. D.) 51 N. W. 332, and cases there cited.     At the opening of the defense, plaintiff's counsel objected to the introduction of any evidence under the answer, for the reason that the facts stated therein do not constitute a defense to the action; which objection was overruled, and this ruling of the court is assigned as error.

Without setting out the answer, which is quite voluminous, we deem it sufficient to state that, in our opinion, the particular acts and statements of plaintiff's agent, with whom were had all the transactions concerning the cash register, including the manner in which defendants' signature to the written order and to the acceptance of the sight draft were procured, sufficiently allege actual fraud which, if proven upon the trial, would sustain a verdict for the defendants.     The defendants and their witnesses testified, in effect, that, in accordance with the verbal agreement, they took the cash register on thirty days' trial, and that they agreed to return the same to plaintiff if it did not give entire satisfaction, and plaintiff agreed to return the accepted drafts to the defendants; and that plaintiff's agent, with whom all the transactions and negotiations were had, said that he did not want a written agreement, and did not want them to keep the machine unless it gave entire satisfaction, but only desired the accepted drafts to show the purchase price in case a sale was made; that afterwards, and before the machine had been received, the agent rushed into defendants' place of business, and said he was in a great hurry, as his train was about to leave, and he wanted defendants to sign a little order, simply to show the house that he had taken an order for a machine, and that in no way would it conflict with or vary the terms of the verbal agreement which the parties had formerly entered into; and that, relying upon such statements, one of the defendants signed the order, without

VOL. 5, S. D.—10

having any opportunity to read the same or ascertain its contents. The undisputed evidence shows that the machine was used by defendants at their place of business, and that it failed to give satisfaction, and failed to keep a correct account of the money put in and taken out of it, and that the defendants, being displeased with the machine, returned the same to the plaintiff, after giving it fifteen days' trial, and demanded a return of their accepted drafts, including the one in suit.

In rebuttal, plaintiff offered in evidence the following writing, signed by the defendants: "Madison, S. Dakota, Feb'y 25th, 1891. To the National Cash Register Co., Dayton, Ohio —Please ship to us at our place of business, No. —— street, as soon as possible, one of your No. 3 registers, as per your illustrated catalogue, said register to be equipped with all of the latest improvements. Cabinet to be cast nickel B. Denomination of keys to be 1, 2, 3, 4, 5, 10, 15, 20, 25, 30, 35, 40, 45, 50, 55, 60, 65, 70, 75, 80, 85, 90, (pd. out,) (charged,) (rec. on acct.,) $1.00, $2.00, $3.00, $5.00, $10,00. On the fulfillment of the above, we agree to pay you $200, viz: $25,00, payable May 1st, 1891. Bal., $15.00 per month until paid for. The register is to be set on the front counter. Restaurant and bakery business. Five days after shipment you to make drafts of full amount payable, viz: $25.00 payable May 1st, 1891, and $15.00 payable monthly. Should the above get out of order any time within two years from date of shipment, you to repair the same quickly, gratis, the undersigned paying express charges to and from the factory. It is agreed that the title to the said cash register shall not pass until the same is paid for in full, and shall remain your property until that time. This contract covers all agreements between the parties hereto. Yours truly, Pfister & Shea."

Counsel for plaintiff contend that the above writing is a contract of sale, and that oral evidence is inadmissible to vary its terms, and that the court erred in allowing witnesses to testify concerning a verbal agreement, alleged to have been made

previous to the signing of the above writing. Whether the court admitted the oral evidence as tending to prove that the signature to the paper was obtained through fraudulent representations, or upon the theory that the instrument is not a contract, but a proposal or request that the machine be shipped, does not appear from the record; and there is no evidence to show that the proposition contained in the order for the machine was ever accepted by the plaintiff, or that the machine was delivered to the defendants under any other contract than the oral agreement concerning which the witnesses testified. It requires something more than the order in evidence to constitute a contract. Mutuality, consent, or acceptance is essential to the existence of every contract, and, until there is something to indicate that plaintiff accepted the written proposition, this paper is wanting in all these particulars, and defendants were entitled to show by parol that there was an oral contract upon which they acted and relied, and that the order was procured by the fraud of plaintiff's agent. We discover no error in the admission of evidence. Refining Co. v. Miller, (S. D.) 47 N. W. 962; Deane v. Everett, (Iowa,) 57 N. W. 874; Machine Co. v. Richardson, (Iowa,) 56 N. W. 682; Johnson v. Filkington, 39 Wis. 62.

Error is assigned on the ruling of the court in refusing to admit a copy or duplicate order for the machine as a part of the cross-examination of one of the witnesses. It is sufficient to say that the original order was offered by the plaintiff in rebuttal, and the same was received in evidence, and the error, if any, was therefore without prejudice.

It is insisted that it was error to refuse to direct a verdict in favor of the plaintiff, and to instruct the jury as follows: "That the defendants' theory of the case is that the transaction was by an oral agreement, but the plaintiffs introduce another contract, which they claim to be the contract in the action. Perhaps the most difficult question for you to determine will be, which is the contract between the parties? If

you are satisfied from the evidence that they presented this contract to the defendants, telling them it was an instrument of one kind, and they, relying upon such representations, signed it, believing it to be what the plaintiffs represented it to be, then they are not bound by the contract." From a careful examination of all the instructions given by the court, we are convinced that the law of the case was fairly and accurately stated, and that there is nothing in the charge, taken as a whole, of which the appellant can justly complain. A careful consideration of all the questions raised by the record leads us to the conclusion that the judgment of the county court should be, and the same is, affirmed.