## KEHOE v. HANSON  et al.

1. The fact that no bill of exceptions or statement was settled by the trial judge is no ground for dismissing an appeal, where some of the errors assigned are predicated on the judgment roll proper.

2. Where appellant's abstract states that notice of appeal was properly served, and respondent's abstract denies it, this court will go to the original records to settle the dispute.

3. In case of dispute between the abstracts of appellant and respondent as to whether a bill of exceptions or statement was settled in the court below, the original papers sent up by the clerk of the lower court will · be examined.

(Syllabus by the court.  Opinion filed Sept. 12, 1894.)

Appeal from circuit court, Edmunds county.   HON. H. G. FULLER, Judge.

Motion to dismiss appeal.   Overruled.   Appellants then moved that a bill of exceptions regularly and duly settled but filed and forwarded out of time be treated as part of the record. Granted.

S. H. Cranmer, for appellant.

C. H. Barron, (Albert Gunderson, of counsel) for respond-ents.

KELLAM, J.   Upon the abstract of appellant and the additional abstract of respondents it is moved by res-pondents that this appeal be dismissed "for want of jurisdiction of this court to hear and determine the

same on the record before the court, and for the reason that the notice of appeal has not been served as required by law." Respondents' abstract puts in issue the fact of the settlement of a bill of exceptions by the trial judge, but if it were conceded that there was no bill, this would be no ground for dismissing this appeal, for at least some of the errors assigned are predicated upon what is shown by the judgment roll proper. Appellant's abstract expressly states that notice of appeal was served in due time upon defendants and upon the clerk of the court, and the appeal perfected by serving and filing an undertaking as required by law. Respondents' abstract states "that notice of appeal has not been served as required by law." The fact being thus in dispute, we go to the original papers on file, and find the notice of appeal, with proof of service of the same on defendants and the clerk, and so rule against the respondents.

Appellant's abstract did not expressly state that a bill of exceptions was duly settled, from which the printed abstract was made up, but did state such matters as occuring at the trial as could only be of record if preserved by a bill or statement, and so stated them as to plainly claim that they came from a bill or statement. Respondents, apparently considerably out of time, served an additional abstract, denying that a bill of exceptions was ever settled.

Appellant files an affidavit, with what purports to be a bill of exceptions duly settled by the trial judge, stating that the same was regularly and duly settled, but through the inadvertence of appellant's attorney, the facts concerning which are fully stated, the same was not filed with the clerk of the circuit court, and so not forwarded by him to this court with the other papers in the case. This fact was not discovered until respondents' abstract was served, thus calling the attention of appellant's attorney to the subject. It was then at once filed, and forwarded to this court by the clerk of the circuit court. Upon this affidavit, appellant moves to have such bill of exceptions

treated in this court as a part of the records in this case. Appellant's affidavits satisfactorily show why the bill of exceptions was not forwarded to this court by the clerk of the trial court with the other papers in the case. Papers purporting to constitute such bill were subsequently sent up, and are now on file, and should be treated as properly here. No substantial prejudice can result to respondents, as the case is not yet on the calendar for argument.

When the argument of the case is reached this court will have to determine what record is properly before it; that is, whether it does or does not include the purported bill of exceptions. The question will be disposed of in the same manner in which we determine the disputed question of whether an appeal was taken or not, to-wit, by reference to the original papers.

Under former rulings of this court (see Mercantile Co. v. Faris [S. D.] 58 N. W. 813; Searles v. Christensen [S. D.] 60 N. W. 29), appellant's abstract will be regarded as claiming that a bill of exceptions was duly settled. The respondents' abstract denying this, this court will, under its settled practice, consult the original records to settle the dispute. If it find that a bill was properly and duly settled, and is of record in the case, the appellant's abstract, in that respect, will be sustained, and so treated. If the fact is found otherwise, the respondents' abstract will in the same manner, be sustained. Without intending to absolutely foreclose further inquiry, we may say that an examination of the original records shows a bill of exceptions apparently duly settled, thus justifying the statement of appellant's abstract.

While we doubt the real necessity for this motion, it is allowed. On these motions no costs are allowed to either party.

Fuller, J., not sitting.