### BILLINGSLEY *et al.* v. HILES *et al.*

1. Where the notice of intention to move for a new trial states as the grounds thereof, insufficiency of the evidence, and errors in law occuring at the trial, but the record upon which such motion is heard contains no further specification, either of the alleged errors in law or the particulars in which it is claimed the evidence is insufficient, the trial court may properly deny the motion, so far as it is based upon the grounds named.   Section 5090, Comp. Laws.

2. A certificate of a public officer is only evidence when made so by law. Authenticated copies of judicial and other public records are admissible as evidence, but certificates as to their general legal effect, or as to what they show or prove, are not.

3. An application for a continuance during the progress of a trial is addressed to the discretion of the court, and its decision will not be reviewed unless its discretion appears to have been misused.

(Syllabus by the court.   Opinion filed Jan. 4, 1895.)

Appeal from circuit court, Hughes county.   Hon. H. G. FULLER, Judge.

Action by Lorenzo W. Billingsley and John A. Frawley against Ella Hiles, Nellie Southworth, and others to remove clouds from title.   Judgment for plaintiffs, and defendants appeal.   Affirmed.

The facts are stated in the opinion.

*D. W. March* and *Geo. C. & Fred A. Teall,* for appellant.

An action can be maintained for the foreclosure of a mortgage after the statutory period of limitations has run upon the notes secured by the mortgage.   Whipple v. Barnes, 21 Wis. 328; Knox v. Galligan, 21 Wis. 471; Niswell v. Baxter, 21 Wis. 680; Thayer v. Mann, 19 Pick 535; Borst v. Carey, 15 N. Y. 506; Richmond v. Aiken, 25 Vt. 324; Jay v. Adams, 26 Me. 330;

Baldwin v. Horton, 2 Conn. 161; Stackpole v. Robbins, 47 Barb. 212.

The purchase or acquisition by one partner of an outstanding adverse title, or an interest in the property of partnership without the consent of his co-partners will accrue to the benefit of the firm. 17 Am. & Eng. Enc. Law 1058; Bates Partnership, section 305.

*John F. Dillion,* for respondents.

On appeal a party complaining of error must specify it with precision. It should be specific and explicit so that looking at the grounds the court can at once see how, when and where the error arises and whether it is well or ill taken. State v. Chapman, 47 N. W. 411; National v. Pfester, 58 N. W. 270; Randall v. Bank, 57 N. W. 6; Holcomb v. Kelther, 54 N. W. 535; Hanullon v. Sorra, 55 N. W. 496; Hecock v. VanDusen, 55 N. W. 1029; Moody v. Tschabold, 53 N. W. 1023; Union v. John, 52 N. W. 48; Smith v. Kipp, 51 N. W. 656; Albrecht v. City, 57 N. W. 330. Errors not specified in the bill of exceptions when a motion for a new trial is made on a bill must be disregarded by the trial court and upon appeal. Sustad v. Audlesan, 49 N. W. 659; Pierce v. Manning, 51 N. W. 332; Stevens v. City, 43 N. W. 842; Wicke v. Iowa, 57 N. W. 632.

KELLAM, J. This was an action, brought by respondents as plaintiffs, to remove from their title to premises described in the complaint certain alleged clouds, consisting of a mortgage, sheriff's certificate of sale thereunder to appellant Southworth, and her assignment of the same to appellant Hiles, and a sheriff's deed to said Hiles, and to quiet the title to said premises in said respondents as against the said appellants. The pleadings are lengthy, and present issues enough to make a formidable case, but upon the record brought here there seems little for this court to do. The trial below was to the court. Upon findings and conclusions duly filed the court gave judgment for

the plaintiffs.   The defendants bring this appeal.   After entry of judgment, appeallants gave notice of intention to move for a new trial, the statutory grounds stated being:   "Insufficiency of the evidence to justify the decree; that the decision and decree are against law; an error in law occurring at the trial, and excepted to by defendants."   Notice was also given that said motion would be made upon a bill of exceptions, and the abstract says it was so made.   Section 5090, Comp. Laws, declares that when the motion is made upon a bill of exceptions, and "the notice designates as the ground of motion, errors in law occurring at the trial and excepted to by the moving party, such bill of exceptions shall specify the particular errors upon which the party will reply."   Appellants' abstract does not show any such specification of errors, and respondent's additional abstract states affirmatively that there was none.   But treating appellants' bill of exceptions as a statement,—as it probably should have been in this case,—it not only failed to specify the errors of law relied upon, but it failed to specify the particulars in which the evidence was insufficient.   In such case the language of the section is:   "The statement shall be disregarded on the hearing of the motion."   These defects are not cured in any material degree by the assignment of errors in this court.   The effect of such omission to specify errors of law or particulars in which the evidence is claimed to be insufficient is too well understood to require further notice.   Among the cases in which it has been declared, see Register Co. v. Pfister (S. D.) 58 N. W. 270; Holcomb v. Keliher (S. D.) 54 N. W. 535; Pierce v. Manning (S. D.) 51 N. W. 332: Illstad v. Anderson (N. D.) 49 N. W. 659.   And see generally, Haynes, New Trial & App. Sec. 149.

Being thus thus barred by the record from any inquiry as to whether the evidence would justify the findings of fact, there are but three questions left.   They are:   First.   Did the court err in excluding Exhibit I?   Second.   Do the conclusions of law correctly state the legal effect of the facts found?   And,

third, did the court err in refusing a contiuance as asked for by defendants, concerning which the facts will be more fully stated presently.    Neither of these points is argued in appellants' brief, it being devoted to questions which, for reasons stated, cannot be considered.    We shall, therefore, do little more than notice them.    In the abstract it is stated that Exhibit I has been lost since the trial.    Its form or contents are unknown to us except that the abstract says it was a certificate from the county court of ——— county, Wisconsin, where said Uriah Davis died, and where his estate was administered upon, said certificate being to the effect that Uriah Davis was dead; that his heirs were J. A. Edwards, Maria Davis, and Luther Davis; and that the estate was solvent, and that no debts were owed and unpaid by the estate."    Whether such certificate purported to be made by the judge or the clerk does not appear, and is probably not important.    An *ex parte* certificate is only evidence when made so by some statue or rule of court.    Meyer v. School Dist. (S. D.) 57 N. W. 70, and cases cited.    It would have been competent to prove by authenticated copies the recorded proceedings of the Wisconsin county court, but it was not competent for the judge or any officer of the court to certify what was the result or legal effect.    Tessman v. Supreme Commandery (Mich.) 61 N. W. 261; Lansing v. Russell, 3 Barb. Ch. 325. This assignment is not argued in appellants' brief, but is conceded to be immaterial in its effect upon the case.    We therefore pass it.    There can be no question of the correctness of the legal conclusions of the court from the facts found, for the facts so found are that the plaintiffs are the owners in fee of the premises concerned in the controversy; that plaintiffs have been in the actual possession of the same for three years, and since their purchase; that the defendants "have no right, title, or interest in said property of any nature," but that the claims which they are asserting and have caused to be put upon record "are invalid, a cloud on plaintiffs' title, and should be removed.    During the progress of the trial the defendants asked

to have the case continued, to enable them to make better proof of the material elements of the case.  This application and ruling, as shown by the abstract, immediately followed the rejection by the court of a purported assignment of the mortgage in question by the heirs of Uriah Davis to Nellie Southworth, and this fact would suggest that the ground of the application was the surprise of defendants at the ruling of the court, but this is only conjecture.  The record shows nothing but the ruling and a subsequent application for continuance.  To grant or refuse an application rested in the discretion of the court, and there is certainly nothing in the record to justify a review of its decision on the ground of the abuse of such discretion.  Upon the record presented to us we see no reason for disturbing the judgment, and it is affirmed.

FULLER, J., took no part in the decision of this case.