## SUTTERFIELD V. MAGOWAN.

1. A referee's report should state all rulings made by, and all exceptions taken before, him, and all material evidence offered on matters excepted to.

2. Where no bill of exceptions or statement of the case is settled, there is no record before the appellate court but the judgment roll.

3. Where a referee's report fails to state all rulings made by, and all exceptions taken before, him, or all material evidence offered on a matter excepted to, the remedy is by motion to require him to supply the defects, and not by motion for a new trial.

4. Defects of a referee's report, consisting in not stating all rulings made by or all exceptions taken before, him, or in failing to state all material evidence offered on a matter excepted to, are not covered by a notice of intention to move for a new trial upon affidavits and minutes of a court, designating as grounds therefor insufficiency of evidence, errors of law occuring at the trial, and newly-discovered evidence.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Action by James M. Sutterfield against William J. Magowan. There was judgment for plaintiff, and defendant appeals. Affirmed.

*Fowler, Cull & Whitfield,* for appellant.

*Wood & Porter,* for respondent.

HANEY, J.    The referee having filed his report, defendant made and served certain exceptions thereto, wherein it is alleged that certain findings of fact are not supported by the evidence, and that the report does not contain a statement of all the exceptions taken during the trial, the rulings of the referee, and so much of the evidence as is material to present the questions raised by such exceptions, and wherein the defendant requests "that so much of the report of the referee, to wit, of the findings of fact and conclusions of law of said referee, as the defendant has accepted to, be vacated and set aside, and that the said report to that extent be not accepted by the court, but that the court find and determine the rights of the parties hereto upon the questions wherein the defendant has accepted to such report, and for such other and further relief as the court shall deem meet in the premises." On the same day defendant gave notice of intention to move for a new trial upon affidavits and the minutes of the court, designating these grounds: In sufficiency of the evidence, errors of law occuring at the trial, and newly-discovered evidence. Two affidavits were served; one relating to newly-discovered evidence, and the other to the omission from the report of a statement of the exceptions, rulings, and evidence before the referee. Defendant's application for a new trial was denied, and judgment was entered upon the report of the referee.

The report of a referee should contain two distinct features: First, a statement of all the exceptions taken during the trial, the rulings of the referee thereon, and a sufficient statement of the facts, or so much of the evidence, as is material to fairly present the questions raised by the exceptions; second, findings of fact and conclusions of law stated separ-

ately. Laws 1891, c. 100, § 8. The report in this case is clearly defective, in not containing a statement of all the exceptions, rulings, and material evidence, but defendant is not in a position to assail the judgment on that ground. If not satisfied with the report in this respect, he should have moved the court for an order requiring the referee to supply the omissions. On the contrary, he requested the court to accept all of the report, except as to certain findings of fact and conclusions of law. The defects therein as to exceptions, rulings, and evidence are not covered by any of the grounds designated in the notice of intention, nor could they be taken advantage of in a motion for a new trial. Hulst v. Association, 9 S. D. 144, 68 N. W. 200.

No bill of exceptions or statement of the case was settled. Therefore, there is nothing before us but the judgment roll. Since 1891, it is doubtful whether a referee's report becomes a part of the judgment roll without being incorporated in a bill of exceptions (Laws 1891, c. 100, § 10); but assuming that the findings of fact and conclusions of law, when accepted by the court, became its decision, and a part of the judgment roll, we think they cover all the issues raised by the pleadings, and that the judgment should be affirmed.