D. S. B. JOHNSTON LAND-MORT. CO. v. CASE (FIRST NAT. BANK OF CHARLES CITY, IOWA, Intervener.)

1. Where on a motion for a new trial of a cause tried by the court, a settled statement or bill of exceptions failed to contain specifications of the particulars in which the evidence was claimed to be insufficient, or of the errors of law relied on, as required by Comp. Law, § 5090, the trial court's action in denying the motion, so far as errors not specified were concerned, cannot be reviewed.

2. The defects were not cured by unauthenticated assignments, presented on appeal.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action by the D. S. B. Johnston Land-Mortgage Company against A. G. Case, the First National Bank of Charles City, Iowa, intervening to set aside certain tax deeds. From a judgment for defendants and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

*N. P. Bromley* and *Edmund S. Durment*, for appellant.

*S. A. Keenan*, for respondents.

FULLER, P. J. By this action, which was tried to the court without a jury, plaintiff sought to set aside two tax deeds, and now appeals from a judgment in favor of defendants and from an order denying a new trial. The motion for a new trial was based upon a settled statement or bill of exceptions, which contains no specifications of the particulars in which the evidence is claimed to be insufficient, nor of the errors of law occurring at the trial; and the notice of intention, designating that the motion would be made on a bill of exceptions, is neither at-

tached to nor made a part of the bill of exceptions as settled by the trial court. Upon the record as it stands we conclude that the trial court disregarded the statement or bill of exceptions on the hearing of the motion for a new trial, as it is required to do by Section 5090 of the Compiled Laws when the insufficiency of the evidence to justify the decision and errors of law occurring at the trial are not specified. Both the trial court and the adverse party are entitled to know the particular errors of law relied upon, and the particulars in which the evidence is regarded insufficient, and the bill of exceptions or statement used on appeal must contain such specifications. In this jurisdiction and other states having statutes like ours it is well settled that such defects are not removed by unauthenticated assignments of error presented on appeal, and, so far as errors of law occurring at the trial or the sufficiency of the evidence to justify the decision are concerned, the action of the trial court in denying the motion for a new trial cannot be reviewed. Bank v. McKinney, 1 S. D. 78, 45 N. W. 203; Billingsley v. Hiles, 6 S. D. 445, 61 N. W. 687; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Tootle v. Petrie, 8 S. D. 19, 65 N. W. 43; Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Bush v. Railroad Co., 3 Dak. 444, 22 N. W. 508; Hostetter v. Elevator Co., 4 N. D. 357, 61 N. W. 49; Baumer v. French (N. D.) 79 N. W. 340; Leonard v. Shaw (Cal.) 45 Pac. 1012; Sprigg v Barber (Cal.) 55 Pac. 419. Disregarding as we must, the bill of exceptions, no errors can be considered, except such as the judgment roll affirmatively discloses; and, as the facts found justify the conclusions of law and the judgment accordingly entered, no reason for a reversal appears. The judgment appealed from is therefore affirmed.