## WENKE V. HALL, *et ux.*

1. Under Code Civ. Proc. § 303, subds. 2,[3, where a motion for a new trial is made on the bill of exceptions, the specifications of the particular errors of law, occurring at the trial, excepted to by the moving party, and the specifications of the particulars wherein the evidence is insufficient to support the findings of the trial court, must be contained in or annexed to the bill in order to present the questions for review in the Supreme Court, and the specifications of errors in the motion for a new trial are not sufficient.

2. Under Code Civ. Proc. § 303, subd. 4, when a motion for a new trial is made on the minutes of the court the notice of intention must specify the particulars in which the evidence is insufficient, and the particular errors of law on which the moving party will rely.

3. Where, in a suit to foreclose a mortgage given to secure the payment of certain notes, the court found the amount due, it was not required to find the precise amount paid on each note and when such payments were made, such a finding being a finding of evidence, and not of the ultimate fact.

4. A finding by the court, in a suit to foreclose a mortgage given to secure the payment of certain notes, that a payment was made by the debtor

17 S. D.—20

on a note at a particular date, which date was within six years of the commencement of the suit, was a finding that the action was not barred.

(Opinion filed July 22, 1903.)

Appeal from Circuit Court, Meade County. Hon. W. G. Rice, Judge.

Action by John G. Wenke against Nelson A. Hall and wife and others. From a judgment for plaintiff, defendant Hall and wife appeal. Affirmed.

*M. McMahon,* for appellants.

*W. A. Stuart,* for respondents.

CORSON, J. This is an action to foreclose a mortgage executed by the defendant Nelson A. Hall to the assignor of the plaintiff. Findings and judgment were in favor of the plaintiff, and the defendants Hall and wife have appealed.

The complaint is in the usual form. The defendants in their answer deny each and every allegation contained in the complaint, and plead the 6 and 10 years' statutes of limitations. They also plead payment in full, and that, in pursuance of an agreement with the plaintiff, the defendant Nelson A. Hall, made payment, in road warrants, horses and labor, to the amount of $784.55. The said defendant Nelson A. Hall, as a further defense and counterclaim, alleges that by mistake and inadvertance he paid the plaintiff, prior to the month of September, 1893, the sum of $257 over and above the amount due on the indebtedness alleged in the plaintiff's complaint, and demands judgment for that sum. To the counterclaim the plaintiff replied by a general denial.

The court found in substance that on the 1st day of November, 1889, the defendant, Nelson A. Hall, then an unmarried

man, executed and delivered to one Theodore Windhusen his certain promissory note for $450, payable November 1, 1890, with interest thereon at the rate of 12 per cent. per annum until paid, and that to secure the same he executed a mortgage to the said Windhusen, bearing even date therewith, on real property in the county of Meade, and that he also executed four $50 notes, as shown by the said complaint; that said mortgage contained the usual conditions, and was duly acknowledged and recorded; that the said notes, together with the said mortgage, were thereafter duly assigned to the plaintiff, who was at the time of the commencement of this action, and now is, the lawful holder and owner thereof; that on October 1, 1895, a payment of $10 was made to the plaintiff by the defendant upon said $450 note, and duly credited thereon; that there is now justly due the plaintiff on the said note and mortgage the sum of $625.83, including interest. The court concludes therefrom that the plaintiff is entitled to a judgment against said defendant Nelson A. Hall for the above sum, and that the mortgage be foreclosed and the property sold to satisfy the same.

It is contended by the respondent that there is nothing before this court to review, except the judgment roll, for the reason that the bill of exceptions contains no specification of the particular errors of law, occurring at the trial, excepted to by the defendant, nor any specifications of the particulars wherein the evidence is insufficient to support the findings of the court. This contention of the respondent seems to be sustained by the abstract. The abstract discloses no such specifications, other than those appearing in the motion for a new trial. In the motion there are certain specifications of errors

of law, and also certain specifications of the particulars in which the evidence is claimed to be insufficient to support the findings. If the motion for a new trial was made on the bill of exceptions, the specifications referred to should have been contained in or annexed to such bill. Subdivisions 2, 3, § 303, Code Civ. Proc. If the motion was made on the minutes of the court, the notice of intention should have specified the particulars in which the evidence was alleged to be insufficient, and the particular errors of law upon which the appellants would rely. Subdivision 4, § 303, Code Civ. Proc. The rule as to what specifications are required in bills of exceptions and notices of intention to move for new trial, when the motion is made upon the minutes of the court, has been often stated by this court. Johnson L. M. Co. v. Case, 13, S. D. 28, 82 N. W. 90; Reagan v. McKibben et al., 11 S D. 270, 76 N. W. 943; Tootle v. Petrie, 8 S. D. 19, 65 N. W. 43; Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Billingsley v. Hiles, 6 S. D. 445, 61 N. W. 687; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332. Specifications in the motion, therefore, do not constitute a compliance with the law, and are not sufficient. The appellants having failed to comply with the provisions of the Code, the bill of exceptions must be disregarded.

The only question, therefore, presented for our consideration, is, are the findings of the court supported by the pleadings, and do they substantially cover all the issues? In our opinion, the court found all the ultimate facts necessarily raised by the pleadings. As we have seen, it found that the defendant Nelson A. Hall executed the notes and mortgage, and was at the time an unmarried man; that the same were duly assigned by Windhusen to the plaintiff; that on October

1, 1895, there was a payment of $10 made to the plaintiff by the defendant upon said note and duly credited thereon; and that there was justly due the plaintiff from the defendant Hall, for principal and interest, the sum of $625.83.

The contention of the appellants that it was the duty of the court to find the precise amount paid upon each note, and when paid, etc., is untenable. Such a finding would constitute a finding of the evidence, and not the ultimate facts.

It is further contended by the appellants that the court should have found whether or not the notes were barred by the statute of limitations. The court does find the fact that a payment was made upon the note on October 1, 1895, and concludes that there is due the plaintiff the sum above specified. It being found by the the court that the payment was made at the time specified, it follows that the note was not barred by the statute as a conclusion of law, as six years had not elapsed after the last payment before the action was commenced. The court, therefore, found in effect upon all the issues raised by the pleadings.

It is further contended by the appellants that the findings of fact were not filed by the court prior to the entry of judgment, but this contention is untenable, for the reason that the abstract shows that they were filed on the 9th, and the judgment entered on the 10th, day of January, 1902.

Finding no error in the record, the judgment of the court below is affirmed.