## FRENCH v. CHICAGO, B. & Q. R. CO.

Where the abstract on appeal fails to show that the bill of exceptions was certified by the trial judge, the appellate court will not consider the appeal on attention being called to the defect.

Where, on a motion for new trial, there are no specifications of error in the bill of exceptions, the trial court should disregard the bill.

Where the trial court overruled defendant's motion for new trial, the errors in the bill of exceptions not being specified, such ruling will be presumed correct on appeal; so that, where the bill of exceptions on appeal failed to contain specifications of error, the appellate court will not send the record back to the trial court for correction, the plaintiff, on the motion for new trial, having an absolute right to rely upon the lack of the specifications of error, so that, if the trial court had granted a new trial because of error appearing in the bill of exceptions, it would have been reversible error.

Although instructions were all in writing, to which exceptions were duly taken, yet they were "errors of law occurring at the trial," so as to require specification in the bill of exceptions to bring the court's attention to them on motion for new trial.

Haney, J., dissenting.

                    (Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Custer County. Hon. Levi McGee, Judge.

Action by George B. French against the Chicago, Burlington & Quincy Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*N. K. Griggs* and *Horner, Martens* & *Goldsmith,* for appellant. *Ed. L. Grantham,* for respondent.

WHITING, P. J., This cause is before us upon an appeal from the judgment of the trial court and from the order of such court refusing a new trial. The first matters demanding our consideration relate to questions of practice, and, in our view, the decision upon this appeal is determined thereby.

This cause was tried in October, 1908. A bill of exceptions was settled and motion for new trial based thereon made and overruled in February, 1909. Appeal was perfected in February, 1909. Appellant's abstract was filed June 4, 1909. Appellant's brief was filed November 13, 1909. Respondent's brief was filed March 17, 1910. Respondent in his brief called attention to the fact that the abstract failed to show any certificate of the trial court to the bill of exceptions, and further that such bill of exceptions contained no specifications of errors upon which the defendant intended to rely. This cause was set for argument June 24, 1910, and upon that date respondent, under stipulation of counsel, filed an additional abstract. As a part of such stipulation it was agreed that same was filed subject to right of appellant to move to strike same from files. It was further stipulated that appellant might file reply brief within 30 days, and the cause was submitted without oral argument. On July 21, 1910, appellant served respondent with a motion to strike the additional abstract from the files of this court, and, as grounds for motion, set forth that the cause had been pending for more than a year; that both parties had filed briefs covering the whole cause; that such additional abstract was not filed until the time set for hearing the cause; that to permit such additional abstract to be a part of the files would be unfair to appellant. On July 22, 1910, appellant filed an additional abstract setting forth the fact that there

was a proper certificate of the trial court to the bill of exceptions. On July 22, 1910, appellant filed a reply brief. On August 27, 1910, appellant procured from this court an order to show cause why the record herein should not be returned to the trial court in order that, in such court, upon proper motion, the bill of exceptions could be amended so as to include the specifications of error in such bill and to show a certificate of the trial judge to such bill. In support of this order to show cause, appellant presented an affidavit of its attorney setting forth that he had had charge of this cause; that his attention had not been called to the fact that specifications of error were not properly in the record until the serving of respondent's additional abstract about the middle of June, 1910; that affiant's practice was chiefly in Nebraska, Wyoming, and other states where no specifications are required in the bill; that he was not familiar with the rule in this state; that affiant had been exceedingly busy at all times since his attention was called to the above error in bill of exceptions. Respondent, making return to such order, presented affidavit of his attorney setting forth that there were no specifications of error in the bill of exceptions; that the proposed bill was served long after time prescribed by statute had expired; that affiant did not object to proposed bill, and, in view of the omissions, did not carefully examine proposed bill and propose amendments thereto; that he called the trial court's attention to want of specifications of error in such bill; that affiant prepared his brief on appeal basing same almost wholly upon such omission of certificate and omission of specifications of error; that such brief was served some time before the opening of the April, 1910, term of this court; that to allow such bill of exceptions to be amended so as to include such specifications of error would be unfair without permission to respondent to propose amendments to such bill and a chance for the trial court to consider such amendments upon motion for new trial. Respondent also presented, upon return to such order to show cause, a certificate of the judge of the trial court, under the seal of such court, certifying that, upon the motion for new trial, his attention was called to the lack of specifications of error in the bill of exceptions, and was advised that plaintiff (respond-

ent here) would rely on such omission upon the motion for new trial and upon appeal.

Appellant is not in a good position to ask the relief prayed for, even conceding that this court would have the power to grant it all. Appellant was long in default when it filed its abstract on appeal, and with such abstract unchanged it would not appear that the purported bill of exceptions had ever been certified to. There would therefore be no bill of exceptions before this court, and the appeal must necessarily have fallen providing our attention was called to such defect. Appellant waited nearly six months more before filing brief, and filed such brief some nine months after appeal. It can hardly base any claims upon delay of respondent of four months in filing his brief, especially when such delay did not carry cause over any term of this court. Respond-. ent's brief called appellant's attention to the claimed defects in the record, and to the fact that respondent relied thereon. If respondent's additional abstract was stricken out, yet it would stand conceded by the reply brief that, as a matter of fact, no specifications of error were in the bill of exceptions. The record shows that the motion for new trial was made on a bill of exceptions. The only way, therefore, that the trial court's attention could, under our statute, be called to the errors claimed and relied upon. was through specifications in such bill of exceptions, and, if there were no such specifications in such bill of exceptions, it was the duty of the trial court, and is the duty of this court, to wholly disregard such bill. Wenke v. Hall, 17 S. D. 305, 96 N. W. 103. Certainly there are no grounds for asking this court to strike out respondent's additional abstract.

Neither do we think this court should send the record back to the circuit court. Every presumption is in favor of the correctness of the trial court's ruling refusing a new trial. It must be presumed that it obeyed the law and disregarded the bill of exceptions when it made such ruling. McNish v. Wolven, 22 S. D. 621, 119 N. W. 1000. The plaintiff below had an absolute right under the statutes of this state to rely upon the lack of specifications and would have been entitled to a reversal in this court if

the trial court had granted a. new trial for any error appearing in such bill but not specified. Justice to the trial court demands that the cause be decided here upon the record as it was in that court. If such bill of exceptions should now be amended by inserting the specifications of error claimed, many questions would be presented here that were never before the trial court on motion for new trial. This court should not return record.

Appellant claims errors were committed by the court in its instructions given and refused, and insists that such errors can be reviewed without a bill of exception; that such instructions became a part of the judgment roll. It appears from the additional abstract of appellant that the instructions given and refused were all in writing, and that exceptions to the refusal to give some and to the giving of others were duly preserved. It must, however, be conceded that, if the court erred in its rulings refusing certain instructions or in the giving of instructions, they were "errors of law occurring at the trial," and therefore should have been specified in the bill of exceptions, and thus brought to the attention of the court upon the motion for new trial.

No error appearing from the record such as is reviewable by the court under the condition of such record, the judgment of the trial court and order denying a new trial are affirmed.

HANEY, J., dissenting.