RUSSELL, Appellant, v. CITY OF FLANDREAU, Respondent.

(275 N. W. 386)

(File No. 8115.   Opinion filed October 19, 1937)

*Rice & Rice,* of Flandreau, and *Otis, Faricy & Burger,* of St. Paul, Minn., for Appellant.

*L. G. Atherton,* of Flandreau, and *Bielski, Elliott & McQuillen,* of Sioux Falls, for Respondents.

RUDOLPH, P. J.    This case is now here on motion to dismiss the appeal.    The case involves a contest of a municipal election held in the city of Flandreau, S. D., on the 3d day of May, 1937.

Respondents contend that the record on appeal in this court is insufficient, and that for this reason the appeal should be dismissed.    The appellant has in compliance with section 7345, R. C. 1919, procured "the transmission of the transcript and papers on appeal to the clerk of the supreme court," and the same are now on file in this court.    An examination of these papers discloses that they consist of the judgment roll and a purported transcript of the testimony taken at the hearing before the circuit court.    The record has not been settled.

It is respondents' position that under those sections of our Code governing appeals in election contest cases (Sections 7344 to 7347, R. C. 1919, inclusive) the same procedure is required that is required in the ordinary appeal of a civil case, with certain exceptions not here material.    For the purposes of this opinion this interpretation by respondents of the statutes governing appeals in election contests may be accepted as correct.    However, it seems clear to us that, applying the well-established principles governing the procedure in civil appeals, the procedure here followed is sufficient to defeat respondents' motion to dismiss the appeal.    Clearly, the procedure followed is sufficient to permit this court to consider the appeal as an appeal from the judgment based upon the judgment roll.    In the early case of Colonial & U. S. Mortgage Co. v. Bradley, 4 S. D. 158, 55 N. W. 1108, this court held that an appeal from the judgment brings up for review the judgment roll.    In this case it was further held that, construing section 2568, R. C. 1919, which details that which goes to make up the judgment roll, together with section 28, R. C. 1919, which defines the word "verdict" as including the court's findings upon the facts, the findings of the court are properly a part of the judgment roll and are properly before this court upon an appeal from the judgment. See, also, Merchants' National Bank v. McKinney, 1 S. D. 78, 45 N. W. 203; Kehoe v. Hanson, 6 S. D. 322, 60 N. W. 31; Le Claire v. Wells, 7 S. D. 426, 64 N. W. 519; Sutterfield v. Magowan, 12 S. D. 139, 80 N. W. 180; Johnston Land-Mortgage Co. v. Case,

13 S. D. 28, 82 N. W. 90; Dring v. St. Lawrence Twp., 23 S. D. 624, 122 N. W. 664; Westphal v. Nelson, 25 S. D. 100, 125 N. W. 640; Omaha Rubber Shoe Co. v. Lead-Terry Mercantile Co., 25 S. D. 124, 125 N. W. 637; State v. Delaney, 37 S. D. 34, 156 N. W. 580.

∎ That our statutes contemplate an appeal from the judgment without a settled record is clear from a reading of section 3148, R. C. 1919, wherein it provides: "If the appeal is from a judgment and a record has been settled therein, he [the clerk of the circuit court] shall forward such settled record, and, if there is no settled record therein, he shall forward the judgment roll."

∎ An examination of the brief of appellant upon appeal discloses that a number of assignments of error are to the effect that the findings of the court do not support the conclusions of law. Clearly, under the rules announced in the above-cited cases, these assignments might be considered upon the appeal from the judgment. Whether the appellant might have considered on his appeal any questions concerning the evidence is unnecessary of decision at this time. The record, in our opinion, is at least sufficient to present to this court such questions as affirmatively appear on the face of the judgment roll. Other matters presented by respondent on this motion are, perhaps, for our consideration when the case is heard upon its merits, but have no bearing upon this motion to dismiss the appeal.

The motion to dismiss the appeal is denied.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, J., disqualified and not sitting.