CHARLES H. GOULD, Plaintiff and Appellant, *v.* DULUTH & DAKOTA ELEVATOR COMPANY, Defendant and Appellant.

**New Trial on Motion of Court.**

1. A general verdict was returned in plaintiff's favor December 10, 1890. On April 6, 1891, a bill of exceptions was allowed on defendant's application. No notice of intention to move for a new trial was ever served, nor was such service waived. Prior to the allowance of the bill plaintiff had served notice of a motion for judgment on the verdict, which motion, after postponement, came on to be heard on the day the bill was allowed. After hearing counsel on such motion, the court denied the motion for judgment, and its order denying such motion also directed that the verdict be set aside, and granted a new trial. The order is predicated upon error, as shown in the record by the bill of exceptions. No application was ever made for a new trial by either party. *Held,* that the order vacating the verdict and granting a new trial was without authority of law and is reversible error.

2. It is not claimed that such order was made or could be made in the case under authority of § 5091, Comp. Laws, allowing such orders to be made by the court upon its own motion. Nor should a new trial be granted without the application of either party, where, as in this case, a long period of time had elapsed after the verdict, and where both parties had initiated proceedings based upon the verdict.

(Opinion Filed Nov. 2, 1891.)

*CROSS-APPEALS* from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*J. E. Robinson,* for plaintiff.   *A. C. Davis,* for defendant.

Action by Charles H. Gould against the Duluth & Dakota Elevator Company for conversion. Verdict for plaintiff. From

an order setting aside the verdict and granting a new trial, both parties appeal.   Reversed.

The opinion of the court was delivered by

WALLIN, J.   This action is for the conversion of wheat. · The complaint sets out two separate causes of action—one for the conversion of wheat covered by plaintiff's chattel mortgage; the other for the conversion of wheat upon which plaintiff claims a seed lien.   On December 10, 1890, a jury trial was had, resulting in a general verdict in plaintiff's favor for the sum of $484.00.   No notice of intention to move for a new trial was ever served, but on defendant's application, and with the consent of plaintiff's counsel, a bill of exceptions was settled and allowed on April 6, 1891.   Prior to settling the bill of exceptions plaintiff's counsel had served on counsel for defendant the following notice:   "Please take notice that on the pleadings, proceedings and verdict herein, on the 4th day of April, 1891, at 3 o'clock p. m., at the court house in Fargo, N. D., the plaintiff will move the court that the second cause of action mentioned in the complaint herein be withdrawn and dismissed without prejudice, for the reason that the defendant has on record objected to any recovery thereon on the ground that it is not assignable, and on the ground that the evidence failed to show that the seed wheat had been sown on the land described in said lien; and plaintiff will move the court that the verdict stand for the amount due on the mortgage mentioned in the complaint, being $268.00 at the date of said verdict, and that plaintiff have judgment therefor, with costs."   After hearing the motion the court made the following order:   "The motion of plaintiff for judgment on the verdict herein coming on for a hearing as per notice annexed, and plaintiff having moved for judgment for $484.00, or $268.00 as per said written notice, J. E. Robinson appearing for plaintiff and A. C. Davis for defendant, and defendant claiming error in the record as shown by the bill of exceptions this day settled and allowed, and the court being of opinion that there was error, it is by the court ordered that the verdict herein be, and the same is, set aside, and a new trial is hereby granted."   To this order of the district court

defendant's counsel then excepted, and on May 30, 1891, defendant perfected an appeal to this court from said order. Subsequently the plaintiff duly appealed to this court from the same order. In this court defendant's appeal was dismissed on defendant's own motion, and counsel for defendant argued in favor of sustaining the order of the trial court granting the new trial. We do not consider it proper upon this appeal to pass upon the merits of any of the errors alleged in the bill of exceptions. The only question which will be considered is that of the validity or invalidity of the order vacating the verdict and granting a new trial. The order is clearly erroneous, and cannot be sustained without making a precedent which would tend to unsettle and confuse the law and the practice regulating the granting of new trials in the court below. When the order was made no intention to move for a new trial had been served, although more than three months had then elapsed after the verdict came into court; nor was there a motion for a new trial pending before the court. No such motion was ever made by either party, nor was a new trial sought for or requested by either party at any time prior to the order granting a new trial. The order was a surprise to both parties, and was promptly excepted to by the defendant, and afterwards appealed from by the defendant. When the order was made the parties were before the court on a wholly different matter—a motion for judgment—and in the order denying plaintiff's motion for judgment the trial court set aside the verdict, and granted a new trial. It is true that a bill of exceptions was settled on the day the order was made, but the court did not hear counsel on any motion for a new trial based on the bill, and, as before stated, no such motion was ever noticed, made or entertained by the district court. The statute affords ample facilities for moving for a new trial, and sets out plainly what shall be done as preliminary to such motion. The motion may be made either upon the minutes of the court, upon affidavits, upon a bill of exceptions, or statement of the case; but in all of these methods a notice of intention to move is indispensible to the motion unless waived. None of these prerequisites to the motion had been complied with except to settle a bill of excep-

tions, which bill, so far as appears, was not intended to be used on a motion for a new trial. Certainly the bill could not have been used as a basis for a motion without plaintiff's consent to waive the notice of intention, and no such consent is pretended. The order, under the circumstances, was made in disregard of plain statutory requirements. Defendant's counsel has filed no brief in this court, and no case is cited or known to this court which lends the least countenance to such practice. The order recites that the court, "being of opinion that there was error" in the record, etc., ordered that the verdict be set aside, and a new trial granted. But before the district court could lawfully grant a new trial, as has been stated, a notice of intention must have been served or waived, and an opportunity to be heard must have been accorded to the plaintiff. We find, on inspecting the bill of exceptions on file in this court, and which properly came up as one of the documents on which the order was granted, that such bill, and all of the exceptions contained in it, would, under the statute, be disregarded upon a motion for a new trial, for the reason that none of the errors in the bill have been particularly specified, as is essential when a motion for a new trial is based on exceptions or a statement. Subdivision 3, § 5090, Comp. Laws. Nor is the case one which falls under § 5091, Comp. Laws, allowing the district court to vacate a verdict and grant a new trial on its own motion. The court instructed the jury as follows: "The plaintiff has made a case, and is entitled to a verdict for some amount; so that it will not be necessary for you to consider anything further than the amount of grain taken by defendant into the elevator, the time when it was taken and the value of it." The verdict does not disregard this instruction, but, on the contrary, conforms to it; nor does the verdict disregard the evidence in such a plain way as to indicate that it was rendered under the influence of passion or prejudice. Moreover, the order granting the new trial in terms precludes the idea that it was made under § 5091; nor is it claimed by counsel that the court assumed to act under that section in vacating the verdict. In this state, and in the late territory, the instances of vacating verdicts and granting new trials without application of the parties have been exceed-

ingly rare, and no such summary action should be taken except in cases falling clearly within the statute, and then the order should be made promptly on coming in of the verdict. In no case should such an order be made after a delay of some months, and where the parties have taken action predicated upon the verdict. Hayne, New Trial & App. §§ 10, 11, pp. 50, 51. The order will be reversed. All concur.