## WILLIAM FLUGEL, JR. *vs.* FRANK HENSCHEL.

Opinion filed November 19th, 1896.

**Vacation of Verdict of Courts Own Motion.**

> Evidence and instructions in this case examined. *Held*, construing § 5475, Rev. Codes, that the court was not warranted in vacating the verdict, and granting a new trial on its own motion.

**Verdict Contrary to Evidence and Courts Instruction.**

> *Held*, further, that under said section the trial court would not be justified, as a rule, in vacating a verdict of its own motion merely upon the ground that the verdict violates the instructions of the court, or is not justified by the evidence. These are grounds available on motion made by the party aggrieved by the verdict.

**Verdict Result of Passion or Prejudice.**

> Unless there has been such a manifest disregard of instructions or of the evidence that the court is at once satisfied that the verdict is the result of passion or prejudice, or of a plain disregard of the court's instructions to the jury, the court cannot be sustained in vacating a verdict on its own motion. The power to vacate should be exercised with great caution, and only in extreme cases.

Appeal from District Court, Cass County; *McConnell*, J.

Action by William Flugel, Jr., against Frank Henschel on an account. There was a verdict for plaintiff, and from an order granting a new trial, plaintiff appeals.

Reversed.

*M. A. Hildreth*, for appellant.

*Charles A. Pollock*, for respondent.

WALLIN, C. J. In this case the jury returned a verdict for the plaintiff, whereupon the trial court, upon its own motion, and before the jury was discharged, entered an order vacating the verdict, and granting a new trial of the action. The order recites that it is made "for the reason that the court is of the opinion that there has been by the jury such a plain disregard of the evidence in the case as to satisfy the court that the verdict was rendered under the influence of prejudice, and also for the reason that

there has been such a plain disregard by the jury of the instructions of the court as to satisfy the court that the verdict was rendered under such misapprehension." To this order the plaintiff's counsel saved an exception, and the order is assigned as error in this court.

The action is upon an account, and the complaint embraces three items of account, which are severally set out as independent causes of action. The controversy in this court, as counsel concedes, turns wholly upon the third and last cause of action stated in the complaint. The item in question consists of a claim for the board, care, and maintenance of a minor son of the defendant, which service was rendered by the defendant's father-in-law under the following circumstances: The mother of the child, who was the wife of the defendant, died on the 3rd day of September, 1891, leaving the child in question, who was then about four years of age. After the funeral, the father-in-law (the grandfather of the boy) took the boy home, and kept him until April, 1895, and then the boy was taken to the house of another son, and was there kept for a period of 32 weeks. The testimony shows that the grandfather paid the boy's board during said period of 32 weeks at the rate of $2 a week. There is no claim that the defendant ever paid anything for the boy's keeping, or for the sum paid out by his father-in-law for the boy's board as above stated. The testimony is undisputed that the care and maintenance of the boy was reasonably worth the sum of two dollars per week. The undisputed testimony further shows that the claim in question was sold and transferred to the plaintiff before this action was brought, and that this plaintiff paid $275 for the claim. For this claim the jury returned a verdict for plaintiff for the sum of $287, the face of the claim being $551.25. At common law the claim of a relative for the support of a minor child, in the absence of an agreement for compensation, would not be sustained. This principle is voiced in § 99 of what is known as the "Field Code of New York," and the same provision is incorporated in the code of California. In this state the

doctrine is embraced in § 2789, Rev. Codes, which reads: "A parent is not bound to compensate the other parent or a relative for the voluntary support of his child, without an agreement for compensation," etc. In this court respondent's counsel contends that there was no evidence introduced at the trial of an agreement to compensate the father-in-law for his care and support of the child. This contention presents one of the vitally important questions to be determined on this appeal. The record embraces the testimony on this point, and we give it in substance: In behalf of the plaintiff the father-in-law testified, referring to a conversation had with the defendant about three months after the death of the boy's mother: "He said, 'You pay attention to him,' and he said, 'I will settle that business after that.' After that he told me, if I would pay attention to the child for him he would settle for it. I tried to get a settlement before this suit was commenced. I wrote him a letter, and he did not mind it, and I went and told him to settle with me, and he wouldn't settle with me." On cross-examination he testified: "I took the child, and kept him there, and he never said he should take him back. I think it was about three months after that he said, 'If it wasn't for me, I would go crazy, and I would settle for this business;' and I said, 'Don't bother your head now. We can settle that after.'" The plaintiff, referring to a conversation had with the defendant in December, 1891, testified: "I had a talk with Hentchel in regard to paying for the child's support. He said that if it hadn't been for us taking the child over there, and taking care of it, he wouldn't know what he would have done; and he was willing to do something for it. This little trouble Henschel and I had had nothing to do with bringing this suit. My father tried to get a settlement with him long before this account was assigned, but he paid no attention to it." The defendant testified, in substance, that the conversation above referred to never took place, and that he never agreed to settle for the services rendered to his son. While the witnesses did not speak the English language perfectly, it seems to us that the testimony

on plaintiff's part tended to establish the fact that an agreement was made some three months after the boy was taken home by his grandfather, between the defendant and the grandfather, that the former would become responsible for the maintenance of the child. True, the agreement did not go so far as to state any specific amount of compensation which should be paid for the services. Nor was this necessary. All the statute requires is that an agreement to compensate should be made before any liability to pay arises. An agreement to compensate having been entered into, the law will require the party making such an agreement to pay a reasonable amount, according to the value of the services rendered. In this action the plaintiff does not allege an agreement to pay any specific sum, but alleges that the services were rendered, and that they were reasonably worth a certain sum. Considering the whole evidence upon this feature of the case, we are far from agreeing with the view taken of such evidence by the learned trial court. We cannot discover in the verdict either a disregard of the evidence, or any indication of prejudice operating upon the minds of the jury. On the contrary, it is quite clear to our minds that, if a motion for a new trial had been regularly heard below upon the grounds that the verdict was not justified by the evidence, such motion would have been denied. The evidence, from our standpoint, fairly preponderates in favor of the conclusion reached by the jury.

Turning now to the charge of the court to the jury, we find that, after reading to the jury § 2789, Rev. Codes, the court proceeded at some length to charge the jury relative to the law of the case. We think the law as given to the jury was correctly stated, and properly applied to the evidence in the case. The court squarely submitted the question to the jury whether an agreement to compensate for services rendered to the child by its grandfather was ever made, and the jury was distinctly instructed to find against the plaintiff on this item unless the plaintiff established the agreement to compensate by a preponderance of testimony. We cannot, therefore, concur in the view of the trial

court as expressed in its order setting aside the verdict, that there has been a plain disregard by the jury of the instructions of the court." On the contrary, we are unable to see where the jury disregarded the instructions given them in the case. At the common law, the power of the trial court to vacate a verdict on its own motion was plenary. See *Weber* v. *Kirkendall*, (Neb.) 63 N. W. Rep. 35. But in this jurisdiction, and in many other states, the common law right to do so has been restricted by statute. Section 5475, Rev. Codes, limits the right of the District Court to set aside the verdict to cases where there has been "such plain disregard by the jury of the instructions of the court or the evidence in the case as to satisfy the court that the verdict was rendered under a misapprehension of such instructions or under the influence of passion or prejudice." The abridgment of the common law right of a trial court to vacate a verdict on its own motion became highly proper, and indeed necessary, after the legislative branch of the government had made ample provision to facilitate the setting aside of illegal and unjust verdicts by means of a motion made for that purpose by a party to the action whose rights have been prejudiced by any such verdict. Under the statutes regulating motions for a new trial a defeated party has a sufficient remedy as against an illegal verdict whether the vice of the verdict lies in an error of law or an error of the jury in considering the evidence. Taking all of the statutes relating to the subject of new trials into account, it becomes apparent that a trial court is not justified in vacating a verdict upon its own motion upon the ground merely that the verdict is not justified by the evidence, or is contrary to law, or for errors of law occurring during the trial of the case. All of these grounds are specifically enumerated in the code as grounds for a motion for a new trial to be made by the party aggrieved by the verdict. To justify the action by the court on its own motion, the case must be gross, and one obviously requiring immediate action. To come within § 5475, there must be a plain disregard

of instructions on the part of the jury, or the verdict must have been rendered under the influence of passion or prejudice. In *Clement* v. *Barnes*, 6 S. D. 483, 61 N. W. Rep. 1126, construing the same statute, the court say: "And a careful consideration of the various quotations of the statute relating to the subject of new trials leads us to the conclusion that the verdict must be so perceptibly in disregard of the instructions or the evidence as to satisfy the court upon its announcement, and without the necessity of mature reflection, that the same is grossly erroneous, or the result of passion or prejudice. In the case of any other misconduct on the part of the jury, or where the evidence is insufficient to justify the verdict, or when excessive damages have been awarded by the jury apparently through the influence of passion or prejudice, a notice of intention and a motion for a new trial must be made and served upon the adverse party in order to give the court jurisdiction to hear and determine an application to set aside a verdict and grant a new trial." The language we have quoted meets with our full approval, and harmonizes with both reason and the statutory provisions relating to new trials.

Applying the law to the facts in the record, we are compelled to hold that the order vacating the verdict and granting a new trial was made erroneously, and without warrant of law, and that it must be reversed. But it must not be understood from what we have said that the defendant has been cut off from his statutory right to move for a new trial by the premature action of the trial court in the premises. If the defendant desires to apply for a new trial by motion in the court below, it would only be simple justice to him to allow him to do so, even at this late date, and the court below ought, in justice to the defendant, to extend time to him for that purpose, if such extension becomes necessary.

The order appealed from is reversed. All the judges concurring.

(69 N. W. Rep. 195.)

NOTE—When the verdict is either without support of evidence or contrary to

instructions it will be set aside. *McArthur* v. *Dryden*, 6 N. D. —, 71 N. W. Rep. 125; *McMillen* v. *Aitchinson*, 3 N. D. 187, 54 N. W. Rep. 1030; *Cronk* v. *C. M. & St. P. Ry. Co.*, 3 S. D. 93; *Clement* v. *Barnes*, 6 S. D. 483. Verdict should not be vacated by the court of its own motion unless there has been such clear disregard of the instructions or the evidence that the court is at once satisfied without argument or mature reflection that the verdict is the result of passion or prejudice or was rendered under a misapprehension of the courts instructions. *Clement* v. *Barnes*, 6 S. D. 483, 61 N. W. Rep. 1126; *Gould* v. *Duluth & Dak. Elev. Co.*, 2 N. D. 216, 50 N. W. Rep. 969. Where upon the evidence in the record a verdict for plaintiff would properly be set aside on application, the court should direct a verdict for defendant. *Bowman* v. *Eppinger*, 1 N. D. 21, 44 N. W. Rep. 1000. When the court directs a verdict the evidence must be considered as undisputed. It must be given the most favorable construction for the party against whom direction is made, and it is only where the testimony thus considered could not legally sustain a verdict in his favor that the court is warranted in directing a verdict against him. *Carson* v. *Gillitt*, 2 N. D. 255, 50 N. W. Rep. 710; *Purcell* v. *Ins. Co.*, 5 N. D. 100, 64 N. W. Rep. 943; *Roberts, Throp & Co.* v. *Laughlin*, 4 N. D. 167, 59 N. W. Rep. 967; *Russell & Co.* v. *Amundson*, 4 N. D. 113, 59 N. W. Rep. 477; *Hodgins* v. *Ry. Co.*, 3 N. D. 382, 56 N. W. Rep. 139; *Haugen* v. *C. M. & St. P. Ry. Co.*, 3 S. D. 394, 53 N. W. Rep. 769. It was formerly the rule in the territory that a peremptory non suit could not be ordered against the will of the plaintiff. *Holt* v. *Van Eps*, 1 Dak. 210, 46 N. W. Rep. 689. This ruling was not followed, but gave way to the rule which has since obtained both in the territorial and state courts, that where the evidence will not support contrary verdict, a directed verdict is proper. *Finney* v. *Ry. Co.*, 3 Dak. 270, 16 N. W. Rep. 500; *Star Wagon Co.* v. *Matthiessen*, 3 Dak. 233, 14 N. W. Rep. 107; *Knapp* v. *Bank*, 5 Dak. 378, 40 N. W. Rep. 587; *First Nat'l Bank* v. *Comfort*, 4 Dak. 168, 28 N. W. Rep. 855; *Cronk* v. *Ry. Co.*, 3 S. D. 93, 52 N. W. Rep. 420; *Longley* v. *Daly*, 1 S. D. 257, 46 N. W. Rep. 247; *Peet* v. *Ins. Co.*, 1 S. D. 462., 47 N. W. Rep. 532; *Fletcher* v. *Nelson*, 69 N. W. Rep. 53. It may become proper upon motion for the court to strike out all evidence and to direct a verdict. *Martin* v. *Hawthorne*, 3 N. D. 412, 57 N. W. Rep. 87; *Haveron* v. *Anderson*, 3 N. D. 540, 58 N. W. Rep. 340. A verdict in conflict with the courts instructions will be vacated. *McMillen* v. *Aitchinson*, 3 N. D. 187. The party assailing a verdict as not sustained by evidence must specify the particulars where in the evidence is insufficient. *Holcomb* v. *Kelher*, 3 S. D. 497, 54 N. W. Rep. 535; *Gaines* v. *White*, 1 S. D. 434, *Hostetter* v. *Brooks Elevator Co.*, 4 N. D. 357; 61 N. W. Rep. 49. A verdict based upon conflicting evidence will ordinarily not be disturbed by the court. *Halley* v. *Folsom*, 1 N. D. 325; *Slattery* v. *Donnelly*, 1 N. D. 264; *Gleckler* v. *Slavens*, 5 S. D. 364; 59 N. W. Rep. 323; *Vickery* v. *Burton*, 69 N. W. Rep. 193; *Vermillion* v. *Vermillion*, 6 S. D. 466, 61 N. W. Rep. 802; *Huron P. & B. Co.* v. *Kittleson*, 4 S. D. 520, 57 N. W. Rep. 233; *Peet* v. *Ins. Co.*, 1 S. D. 462, 47 N. W. Rep. 532. The conflict in evidence that prohibits a court from interfering with the verdict of a jury should be a substantial not an illusory one. *Fuller* v. *Elev. Co.*, 2 N. D. 220, 50 N. W. Rep. 359. Where the court is satisfied that a great injustice has been done by the verdict it may be set aside. *Finney* v. *Ry. Co.*, 3 Dak. 270, 16 N. W. Rep. 500. A verdict which fails to pass on all the issues will be set aside. *Uhlig* v. *Garrision*, 2 Dak. 99, 2 N. W. Rep. 258; *Holt* v. *Van Eps*, 1 Dak. 207, 46 N. W. Rep. 689. Affidavits of jurors are incompetent to sustain the verdict. *Glaspell* v. *N.*

*P. Ry. Co.*, 43 Fed. Rep. 900, but see *State v. Kent*, 5 N. D. 516, also incompetent to impeach it. *Murphy v. Murphy*, 1 S. D. 316, 47 N. W. Rep. 142; *Peet v. Ins. Co.*, 1 S. D. 462; *Ulrick v. Dak. L. & T. Co.*, 2 S. D. 285; *Gaines v. White*, 1 S. D. 434. A refusal of the court to direct a verdict in a proper case is error. *Sanford v. Duluth & Dak. Elev. Co.*, 2 N. D. 6; *Hodgins v. Ry. Co.*, 3 N. D. 382. It is a prerogative of the court to direct a verdict where the evidence is in such condition with reference to its probative force that the court would be bound to set aside any other verdict. *Robert v. McDonald*, 2 S. D. 495. If the courts ruling in taking a case from the jury, by directing a verdict is erroneous, it may be reviewed without first making a motion for new trial in the court below. Such ruling is error in law occurring at the trial. *Jones Mercantile Co. v. Faris*, 5 S. D. 348, 58 N. W. Rep. 813; *Jones Mercantile Co. v. Faris*, 6 S. D. 115; *Sioux Banking Co. v. Kendall*, 6 S. D. 543. A verdict may be amended. *Fletcher v. Nelson*, 69 N. W. Rep. 53.