INGVALD LARSON, Appellant, v. WILLIAM ALBERS and B. W. Elder, Respondents.

(205 N. W. 875.)

**Appeal and error — on motion for judgment notwithstanding verdict, if evidence is insufficient, and defects in proof may be supplied upon another trial, granting new trial is not error.**

1. Where the sufficiency of the evidence to support a verdict is challenged by a motion for judgment notwithstanding the verdict, and where it appears that the evidence is insufficient and that the defects in the proof are such as may be supplied upon another trial, the granting of a new trial is not an error of which the party in whose favor the verdict was rendered can complain.

**New trial — if verdict is vulnerable to attack by motion for judgment notwithstanding verdict, granting new trial instead of ordering judgment notwithstanding is not to be considered as upon motion of court.**

2. Where the propriety of a verdict is drawn into question by a motion for

---

Note.—(1) On right to judgment non obstante veredicto because of failure of proof, see annotation in 12 L.R.A.(N.S.) 1021; 15 R. C. L. 606.

(3) Pursuit of one of several inconsistent remedies as waiver of others, see 12 R. C. L. 958; 2 R. C. L. Supp. 907; 4 R. C. L. Supp. 630; 5 R. C. L. Supp. 531.

judgment notwithstanding the verdict, and where the verdict is vulnerable to the attack made, the granting of a new trial instead of ordering judgment notwithstanding the verdict is not to be considered as upon the motion of the court, under § 7665 of the Compiled Laws for 1913.

**Election of remedies — where party elects, on motion, between two inconsistent remedies, moving party may not thereafter rely upon opposite election upon previous trial as being conclusive.**

3. Where a defendant moves that the plaintiff be required to elect as between two inconsistent remedies, and where in response thereto the defendant does elect, the moving party is thereafter precluded from relying upon the opposite election upon a previous trial as being conclusive.

Opinion filed November 2, 1925.

Appeal and Error, 4 C. J. § 2895 p. 923 n. 88 New. Election of Remedies, 20 C. J. § 33 p. 40 n. 63. New Trial, 29 Cyc. p. 921 n. 11.

Appeal from the District Court of Mercer County, *Lembke, J.* Affirmed.

*David Schwartz,* for appellant.

The only question which will be considered is that of the validity or invalidity of the order vacating the verdict and granting a new trial. In this state and in the old territory, the instances of vacating verdicts and granting new trials without application of the parties have been exceedingly rare, and no such summary action should be taken except in cases falling clearly within the statute, and then the order should be promptly on coming in of the verdict. In no case should such order be made after a delay of some months, and where the parties have taken action predicated upon the verdict. Gould v. Duluth & D. Elev. Co. 2 N. D. 216; Flugel v. Henshel, 6 N. D. 205, 69 N. W. 195; Kaslow v. Chamberlain, 17 N. D. 449, 117 N. W. 529; Taxinger v. Minneapolis R. Co. 23 S. D. 90, 120 N. W. 770.

*S. E. Ellsworth,* for respondents.

The power to grant a new trial is not given to the district court by statute. The power of such a court to grant a new trial is not, like the right to appeal under our law, conferred by statute. It is inherent in courts of general jurisdiction—not given, but regulated by statute. McNamara v. Minnesota C. R. Co. 12 Minn. 388, Gil. 269. The provisions of such a statute regulating motions for a new trial do not pre-

vent the court, in a proper case, from granting a new trial on its own motion. Allen v. Wheller, 54 Iowa, 628, 7 N. W. 111; 2 Thomp. Trials, § 2711. Bank of Willmar v. Lawler (Minn.) 80 N. W. 868.

It is well settled that an order denying a motion for judgment is not appealable. It is also well settled that a trial court has jurisdiction to grant a new trial upon its own motion. Montee v. Great Northern R. Co. (Minn.) 151 N. W. 1101.

If one elects between two inconsistent remedies the right to pursue the other is forever lost. Farwell v. Myers (Mich.) 26 N. W. 328.

A party cannot both affirm and rescind a contract and the commencement of an action, with full knowledge of the facts, is an election which is final, and the discontinuance of the action is immaterial. When it becomes necessary to choose between inconsistent rights and remedies, the election will be final, and cannot be reconsidered, even when no injury has been done by the choice or would be done by setting it aside. Terry v. Munger (N. Y.) 24 N. E. 272; Kearney Milling & Elev. Co. v. U. P. R. Co. (Ia.) 66 N. W. 1059.

The election to rescind or not to rescind, once made, is final and conclusive. Pence v. Langdon, 99 U. S. 578.

The election to rescind waives the right to sue on the contract. Tiffany, Sales, 120, 121.

The general rule is that when the law gives several means of redress or kinds of relief, predicated on conflicting theories, the election of one of them operates as a bar to the subsequent adoption of others. Herbert v. Wagg (Okla.) 117 Pac. 209.

BIRDZELL, J. The plaintiff in this action alleges that in April, 1919, he purchased from the defendant Elder, through his agent, the defendant Albers, a certain jackass named Black Ben for the sum of $1,400; that the animal was warranted to be a 60 per cent foal-getter and to be sound; that the animal upon trial failed to fulfil the foal-getting warranty; and that during the month of July the defendants replaced him with another jack named Ghost, concerning which the same warranty was made; that upon trial it developed that the second animal did not fulfil the warranty with respect to foal-getting; that thereafter the plaintiff called the attention of the defendants to the breach in this respect and the defendants directed the plaintiff to keep

the animal for another season or two; that at various times the plaintiff offered to return and now offers again to return the said jack for the reason that he is valueless for the purpose for which he was purchased, and the plaintiff demands a return of the sum of $1,400 and interest; that said animal is of no value whatsoever to the plaintiff. The plaintiff further alleges that by reason of the breaches of warranties and the time expended in serving mares, the plaintiff suffered damages in the sum of $1,000. The complaint concludes with a prayer for judgment in the sum of $2,400. The answer denies all the material allegations of the complaint.

The case has been twice tried in the district court of Mercer county, the first trial resulting in a disagreement of the jury and the second trial in a verdict for $600 damages with interest from April 1, 1919. The defendants moved for judgment notwithstanding the verdict. Thereafter the trial court denied the motion but ordered a new trial. The plaintiff appeals from that portion of the order which grants a new trial, and the defendants from that portion which denies judgment notwithstanding the verdict. They also appeal from the judgment.

At the opening of the trial the defendants moved that the plaintiff be required to elect as between a cause of action for rescission of the contract and a cause of action for damages for its breach, contending that the complaint was ambiguous. The plaintiff elected to stand upon his cause as one to recover damages for breach of warranty. Whereupon the defendants objected that the plaintiff had elected upon the former trial of the action to proceed on the theory of a rescission of the contract and that he was forever precluded thereby.

A careful examination of the transcript fails to disclose that there was any evidence introduced at the trial in proof of the measure of damages recoverable in an action for breach of warranty. There is no evidence as to the value that would have attached to either of the animals in question had they fulfilled the warranties. Paragraphs 6 and 7 of § 69 of the Sales Act, chapter 202 of the Session Laws for 1917, provide:

"(6) The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

"(7) In the case of breach of warranty of quality, such loss in the

absence of special circumstances showing the proximate damages of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

There is no evidence in this record proving damages within the measure laid down by this statute to the extent of $600, the amount of the verdict, or to any other extent. Hence, it is clear that under the evidence the verdict can not stand, if it is appropriately assailed.

The defendants, having moved for a judgment notwithstanding the verdict, contend that under the record their motion should have been granted. The rule is well settled that a motion for judgment notwithstanding the verdict should not be granted unless there is no reasonable probability that the defects in proof can be supplied upon another trial. Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819; Ætna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Mechan v. Great Northern R. Co. 13 N. D. 432, 101 N. W. 183; Houghton Implement Co. v. Vavrosky, 15 N. D. 308, 109 N. W. 1024; Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346; McKenzie v. Hilleboe, 28 N. D. 436, 149 N. W. 342; First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044. There is nothing in this record to indicate the absence of a probability that the plaintiff may be able to supply the defect in the proof. Hence, the action of the trial court in denying the motion for judgment was proper.

The plaintiff, however, assails that portion of the order which grants a new trial. It is his contention that, since there was no motion for a new trial, this portion of the order must be considered as having been made solely upon the initiative of the trial court, and he relies upon the cases of Gould v. Duluth & D. Elevator Co., 2 N. D. 216, 50 N. W. 969, and Flugel v. Henschel, 6 N. D. 205, 69 N. W. 195, as establishing the rule that the trial court should not grant a new trial of its own motion, except promptly upon the coming in of the verdict and then only upon the grounds stated in § 7665 of the Compiled Laws for 1913. This contention proceeds upon the mistaken assumption that the action of the trial court was wholly upon its own initiative. It ignores the fact that the verdict which the court set aside was drawn into question. The verdict had been directly assailed by the motion

for judgment non obstante and assailed upon grounds that might warrant either the specific relief asked for, namely a judgment in the defendants' favor, or the lesser relief by way of a new trial. If vulnerable to the attack made, any judgment based thereon would be vitiated. Had the motion in question been denied altogether, this court upon appeal from the judgment would have been required to reverse the judgment and grant a new trial. Comp. Laws 1913, § 7844; First Nat. Bank v. Burdick, 51 N. D. 508, 200 N. W. 44. It would be anomalous to hold that the trial court in disposing of the motion had erred when its disposition was exactly that which would have been required on appeal. If the fault pointed out by the moving party exists and a remedy is accorded which is not asked for by him, he is the only one in a position to complain. In this case the moving party, not having appealed from that portion of the order which grants a new trial, is not complaining; he is merely persisting in his contention that he should have had judgment in his favor. If this contention be not upheld, he is satisfied with the relief granted by the trial court.

The contention that the defendants are entitled to a judgment in their favor notwithstanding the verdict resolves largely to a question as to whether or not the plaintiff was forever barred from pursuing a remedy looking toward the recovery of damages for breach of contract after having elected in the first trial to proceed as upon a rescission. As previously noted, the first trial resulted in a disagreement of the jury.

If, as the defendants now contend, there was a final and binding election upon the first trial (and we will assume, without deciding, for the purpose of this discussion, that if there was an election upon that trial it was final and conclusive for the future), it does not necessarily follow that they are now in a position to rely upon it. If that election had the effect contended for, it was binding upon the plaintiff without its being remade upon this trial, and its binding character could have been brought to the attention of the trial court whenever any action became imminent looking toward a departure from the previous election and reliance upon some other theory for recovery. Instead, however, of planting themselves firmly upon the ground that the defendants now claim to have occupied throughout the whole controversy since the first election, they moved again upon the second trial the plain-

tiff be required to elect, whereupon the plaintiff elected to proceed upon his cause of action to recover damages for breach of contract. We are clearly of the opinion that by moving that the plaintiff be required a second time to elect, the defendants waived the binding effect, if any, of the prior election. A motion that one be required to elect implies freedom of choice between two or more alternatives, all of which are open, and, after inducing a choice to be made upon the hypothesis that the various alternatives were available, it does not lie in the mouth of the one who has secured the favorable ruling to say that in fact there was no such choice, one alternative having been previously foreclosed. Since the first election operated favorably to the defendants, they were free to rely upon it or not, as suited them, and, by moving upon the second trial to secure another election, we are of the opinion that they clearly waived any benefit they might have had to rely upon the binding character of the first election. He who consents to an act is not wronged by it. Comp. Laws 1913, § 7249.

It follows from what has been said that the order granting the new trial should be affirmed. It is so ordered. Neither party to recover costs on these appeals.

CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and NUESSLE, JJ., concur.