[File No. 6324.]

WILLIAM LEMKE and Harry A. Weaver, Co-partners Doing Business under the Firm Name of Lemke & Weaver, Appellants, v. THE MERCHANTS NATIONAL BANK & TRUST COMPANY, a Corporation, as Trustee for Chris B. Hanson, and Chris B. Hanson, and Merchants National Bank & Trust Company, a Corporation, as Trustee for Chris B. Hanson, Respondent.

(262 N. W. 246.)

Opinion filed August 23, 1935.

*Usher L. Burdick* and *Lemke & Weaver,* for appellants.
*Nilles, Oehlert & Nilles,* for respondent.

NUESSLE, J.    This action was brought to recover for legal services rendered by the plaintiffs and appellants.    They had a verdict and judgment was entered thereon.    Thereafter appropriate foundation motions having been made at the close of the plaintiffs' case and again at the close of the whole case, the respondent Merchants National Bank moved to vacate the verdict against it and for judgment notwithstanding the verdict on the ground that the evidence was not sufficient to sustain it.    This motion was granted.    The judgment as to the respondent was vacated, annulled, and set aside, and judgment notwithstanding the verdict was entered in its favor.    Thereupon the appellants perfected this appeal from the order thus made.    The appeal is on the judgment roll.

Appellants' contention is that the motion for judgment notwithstanding the verdict was not timely for the reason that it was made after judgment entered; that therefore the trial court was without jurisdiction to entertain it or to order judgment notwithstanding the verdict for the respondent.    Appellants cite in support of this contention the case of Olson v. Ottertail Power Co. 65 N. D. 46, 256 N. W. 246, 95 A.L.R. 418.    On the other hand, respondent contends that the doctrine in the Olson Case should be repudiated and the case overruled; that if this be done the appeal in the instant case must be dismissed for the reason that the order for judgment notwithstanding the verdict is not appealable.    Turner v. Crumpton, 25 N. D. 134, 141 N. W. 209. The respondent further insists that even if the Olson Case be not overruled nevertheless it is distinguishable from the case at bar for the reason that the motion on which judgment notwithstanding the verdict was ordered in the instant case was, in fact, a motion in the alternative for a new trial or for judgment notwithstanding the verdict and accordingly was timely made after judgment entered.    See § 7643, Comp.

Laws 1913, as amended; Schumacher v. Great Northern R. Co. 23 N. D. 231, 136 N. W. 85.

The appellants insist that the motion made was for judgment notwithstanding the verdict only and that therefore the court had no jurisdiction to entertain it. The verdict was returned on December 6, 1933. Judgment in favor of plaintiffs and appellants was at once entered on the verdict. Thereafter and on December 8, respondent's motion was made. This motion was denominated a motion for judgment notwithstanding the verdict. The motion, however, was to vacate and set aside the verdict as returned by the jury and for judgment for the respondent notwithstanding that verdict. The matter was argued on December 18 and thereafter the court granted the motion, vacated, annulled, and set aside the judgment theretofore entered, and ordered judgment for the respondent. If the motion be considered merely as a motion for judgment notwithstanding the verdict, under the rule in the Olson Case the court erred in granting it and the order and judgment must be reversed, and the judgment on the verdict reinstated.

The case of Olson v. Ottertail Power Co. supra, on which the appellants rely, was, in many respects, identical with the instant case. The motion for judgment notwithstanding the verdict was identical with the motion in the instant case and the order entered granting that motion was identical with the order from which the appeal in the instant case is taken. The respondent contends that the rule laid down in the Olson Case was contrary to the long accepted practice in this state and that it should not be repudiated and the case overruled. The holding in the Olson Case was arrived at only after deliberate consideration by this court, the present Chief Justice and the writer of this opinion dissenting, and we are not inclined to overrule it at this time. We may say in passing that other than as it affects the instant case our holding in this regard is of little importance. The legislature has seen fit to provide by statute that a motion for judgment non obstante may be made after judgment entered. See chapter 245, Sess. Laws 1935. In any event, consistent with the rule of the Olson Case, we now hold that the court erred in ordering judgment notwithstanding the verdict on the motion as made here.

The respondent seeks to sustain the order for judgment non obstante entered in the instant case on the theory that the motion made was in fact a motion in the alternative for a new trial or for judgment notwithstanding the verdict. We think, however, that it cannot be said that the motion as made was intended to have this effect. A similar contention was considered in the Olson Case and was rejected. It does not follow, however, that in the instant case the appellants are entitled to have the order in question set aside, the judgment entered under it vacated, and the judgment entered on the verdict reinstated. It seems to us that the motion as made by the respondent, however denominated, was wide enough to invoke the jurisdiction of the trial court. The motion was not only for judgment notwithstanding the verdict; it was coupled with a motion to set the verdict aside. Though judgment had been entered on the verdict the trial court retained jurisdiction to correct any errors that might have occurred if its power in that regard were properly invoked. See Plano Mfg. Co. v. Doyle, 17 N. D. 386, 116 N. W. 529, 17 L.R.A.(N.S.) 606; McCann v. Gilmore, 42 N. D. 119, 172 N. W. 236. The trial court had the power to grant a new trial either on motion of the aggrieved party under § 7660, Comp. Laws 1913, or, appropriate grounds therefor existing, on its own motion under § 7665, Comp. Laws 1913. The respondent's motion challenged the sufficiency of the evidence to sustain the verdict. On such a challenge the court might properly set the verdict aside and grant a new trial under section 7660, supra. If the verdict were set aside then any judgment based thereon would be vitiated. See McCann v. Gilmore, supra; Larson v. Albers, 53 N. D. 340, 205 N. W. 875. The case of Larson v. Albers was, in all particulars, identical with the case at bar, except that there the court vacated and set aside the verdict and ordered a new trial instead of ordering judgment notwithstanding the verdict. The relief afforded by the granting of a motion for judgment notwithstanding the verdict is greater than the relief afforded by the ordering of a new trial. A motion for judgment notwithstanding the verdict will not be granted unless there is no reasonable probability that the defects in proof can be supplied upon another trial. See Larson v. Albers, supra, and cases cited. In the Larson v. Albers Case the same contention was raised by the appellant that is raised here,

that is, that the court had no jurisdiction to grant any relief on the motion as made. In disposing of this contention we said:

"The plaintiff, however, assails that portion of the order which grants a new trial. It is his contention that, since there was no motion for a new trial, this portion of the order must be considered as having been made solely upon the initiative of the trial court, and he relies upon the cases of Gould v. Duluth & D. Elevator Co. 2 N. D. 216, 50 N. W. 969, and Flugel v. Henschel, 6 N. D. 205, 69 N. W. 195, as establishing the rule that the trial court should not grant a new trial of its own motion, except promptly upon the coming in of the verdict and then only upon the grounds stated in § 7665 of the Compiled Laws for 1913. This contention proceeds upon the mistaken assumption that the action of the trial court was wholly upon its own initiative. It ignores the fact that the verdict which the court set aside was drawn into question. *The verdict had been directly assailed by the motion for judgment non obstante and assailed upon grounds that might warrant either the specific relief asked for, namely a judgment in the defendant's favor, or the lesser relief by way of a new trial.* If vulnerable to the attack made, any judgment based thereon would be vitiated. Had the motion in question been denied altogether, this court upon appeal from the judgment would have been required to reverse the judgment and grant a new trial. Comp. Laws 1913, § 7844; First Nat. Bank v. Burdick, 51 N. D. 508, 200 N. W. 44. It would be anomalous to hold that the trial court in disposing of the motion had erred when its disposition was exactly that which would have been required on appeal. If the fault pointed out by the moving party exists and a remedy is accorded which is not asked for by him, he is the only one in a position to complain. . . ."

It is to be noted that in the case of Olson v. Ottertail Power Co. 65 N. D. 46, 256 N. W. 246, 95 A.L.R. 418, supra, the court expressly refrained from passing upon the question that is presented here, saying that: "Assuming without deciding that a motion for judgment notwithstanding the verdict, made after judgment has been entered, may be considered and disposed of as a motion for a new trial, obviously, the only errors that can be considered on such motion are those stated

in the motion. A motion for judgment notwithstanding the verdict, in effect, reviews only the court's ruling in denying a motion for a directed verdict. Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 36, 156 N. W. 234. In the instant case the motion for judgment notwithstanding the verdict was restricted to the only ground properly reviewable on such motion, namely, the ruling on the motion for a directed verdict. Hence, if the motion for judgment notwithstanding the verdict in this case is considered as a motion for a new trial, it is clear that the trial court was in error in granting the motion, as an examination of the evidence discloses that the defendant was not entitled to a directed verdict, but that the plaintiff had introduced substantial evidence sufficient to establish a prima facie cause. It follows, therefore, that in any event the trial court was in error in making the order appealed from . . . ."

It is to be noted in this connection that, in the instant case, the propriety of the ruling of the trial court with respect to the sufficiency of the evidence to sustain the verdict cannot be investigated. The appeal is here on the judgment roll. There is no settled statement of the case. We have no means of determining whether the evidence is sufficient or insufficient. The determination of the trial court with respect to that matter therefore cannot be disturbed. Accordingly, under the authority of Larson v. Albers, 53 N. D. 340, 205 N. W. 875, supra, we must hold that the trial court in the instant case had jurisdiction to pass upon the sufficiency of the evidence, and if such evidence were found to be insufficient, to set aside the verdict and the judgment entered on it and to order a new trial. So when in fact the trial court went further and ruled that there was no reasonable probability that the defects in proof could be supplied upon another trial, it did not divest itself of jurisdiction. Though it erred in granting the greater relief afforded by the order, it does not appear there was error in granting the lesser relief included within the order which it thus attempted to make. Therefore, that part of its order vacating and setting aside the judgment theretofore entered was valid and effective and must be given the effect of an order granting a new trial.

Accordingly the order of the trial court must be modified to the ex-

tent that a new trial be granted thereunder, and as thus modified it must be affirmed.

The case will be remanded for further proceedings in accordance with this opinion.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.